# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| WESTLAKE PROPERTY HOLDINGS, LLC, | Case No. 19-22878 |
| Debtor. | Hon. Deborah L. Thorne |
| In re: | Chapter 7 |
| PIPELINE - WESTLAKE HOSPITAL, LLC, | Case No. 19-22881 |
| Debtor. | Hon. Deborah L. Thorne |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **August 26, 2019, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Deborah L. Thorne**, Bankruptcy Judge, in Courtroom No. 613, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING JOINT ADMINISTRATION OF CASES AND (II) APPROVING CAPTION OF JOINTLY ADMINISTERED CASES, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading, at which hearing you may appear if you see fit.

Dated: August 21, 2019

Ira Bodenstein, not personally, but as chapter 7 trustee for the bankruptcy estates of Pipeline – Westlake Hospital, LLC and Westlake Property Holdings, LLC

By: ___*/s/ David R. Doyle*___
      One of his proposed attorneys

Robert M. Fishman
David R. Doyle
Fox Rothschild LLP
321 N. Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200

101428090.v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WESTLAKE PROPERTY HOLDINGS, LLC, | Case No. 19-22878 |
| Debtor. | Hon. Deborah L. Thorne |
| In re: | Chapter 7 |
| PIPELINE - WESTLAKE HOSPITAL, LLC, | Case No. 19-22881 |
| Debtor. | Hon. Deborah L. Thorne |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING
JOINT ADMINISTRATION OF CASES AND (II) APPROVING
CAPTION OF JOINTLY ADMINISTERED CASES**

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estates of Westlake Property Holdings, LLC ("Westlake"), and Pipeline – Westlake Hospital, LLC ("Pipeline," and together with Westlake, the "Debtors"), hereby moves (the "Motion") for entry of an order under 11 U.S.C. § 342 and Rules 1005, 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (i) authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only and (ii) approving a caption for the jointly administered cases. In support of this Motion, the Trustee respectfully state as follows:

JURISDICTION

1. The Bankruptcy Court exercises jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested by this Motion is Bankruptcy Rule 1015(b).

## BACKGROUND

3. On August 6, 2019 (the "Petition Date"), Westlake and the Hospital filed bankruptcy petitions under chapter 7 of title 11 of the U.S. Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Court"), designated as Case Nos. 19-11756 and 19-11757 (the "Bankruptcy Cases"), respectively.

4. On August 13, 2019, the Delaware Court entered an *Order Granting Motion of the United States Trustee to Transfer Venue to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division* [Case No. 19-11756, Dkt. No. 59; Case No. 19-11757, Dkt. No. 57] (the "Transfer Orders") in each of the Bankruptcy Cases.

5. Pursuant to the Transfer Orders, the Delaware Court transferred the Bankruptcy Cases to this Court.

6. On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as chapter 7 trustee of the Debtors' bankruptcy estates (the "Estates").

7. Prior to filing for bankruptcy, the Debtors owned and operated a 230-bed hospital in Melrose Park, Illinois (the "Hospital"). The Hospital has ceased operating and accepting patients, and as of the date of this filing, no patients remain at the Hospital.

8. Westlake is the owner of the real property and equipment for the Hospital, and Pipeline is the operating company for the Hospital.

## RELIEF REQUESTED

9. The Trustee respectfully requests that the Court enter an order approving joint administration of the Bankruptcy Cases for procedural purposes only and establishing a caption for the jointly administered Bankruptcy Cases.

10. Bankruptcy Rule 1015(b) provides that where two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2)(B) of the Bankruptcy Code provides that an "affiliate" includes a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, . . ."

11. In this case, the Debtors are "affiliates" as that term is defined in § 101(2)(B) of the Bankruptcy Code. On information and belief, Pipeline is wholly owned by SRC Hospital Investments II, LLC, which in turn is wholly owned by Pipeline Hospital Holdings, LLC ("Holdings"). Similarly, on information and belief, at least 20% of the voting and equity interests of Westlake are owned and/or controlled by SRC Healthcare Investments I, LLC, which in turn is wholly owned by Holdings. Because at least 20% of the outstanding voting securities of each of the Debtors are "indirectly" owned by Holdings, the Debtors are affiliates pursuant to § 101(2)(B) of the Bankruptcy Code.

12. The Trustee anticipates that numerous notices, applications, motions, other pleadings, hearings and orders in these Bankruptcy Cases will affect each of the Estates. The failure to jointly administer these Bankruptcy Cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of the Court with voluminous filings.

13. Joint administration will permit the Clerk of the Court to utilize a single general docket for these Bankruptcy Cases. Additionally, joint administration will permit counsel for all

3

101428090.v1

parties in interest to include the Estates in a single caption on the documents served and filed in these Bankruptcy Cases, thus enabling parties in interest in each of the Bankruptcy Cases to be apprised of the various matters before the Court.

14. Because this is <u>not</u> a motion for substantive consolidation of the Estates, the rights of parties in interest will not be prejudiced by entry of an order directing joint administration of the Bankruptcy Cases.  Each creditor and party in interest will maintain whatever rights it has in the particular estate against which it allegedly holds a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files.  Supervision of the administrative aspects of the Bankruptcy Cases by the Office of the United States Trustee will also be simplified.

15. Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in these Bankruptcy Cases should include, in the caption, the applicable Debtors' name, address, social security number, taxpayer identification number and all other names used within six years before filing the petition.  11 U.S.C. § 342; Fed. R. Bankr. P. 1005, 2002(n).  The failure to include such information in such notice, however, does not invalidate the notice.  11 U.S.C. § 342(c).  Moreover, Bankruptcy Rule 2002 further provides that the Court may establish the form of notices served in these Cases.  Fed. R. Bankr. P. 2002(m). Accordingly, to further streamline the administration of these Cases, and to provide for consistent noticing procedures after joint administration, the Trustee requests approval of a single caption for the jointly administered Bankruptcy Cases.

16. The Trustee requests that the official caption to be used by all parties in all pleadings in the jointly administered Bankruptcy Cases be as follows:

4

101428090.v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WESTLAKE PROPERTY HOLDINGS, LLC, *et al.,* | Case No. 19-22878 |
| Debtors. | Hon. Deborah L. Thorne |

17. The Trustee submits that use of this simplified caption, naming Westlake Property Holdings, LLC as the first of the Debtors, and omitting reference to each of the Debtors' respective states of incorporation, addresses, tax identification numbers, and previous names, will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification. Such information is included in the petitions for the respective Debtors, and such petitions are publicly available to parties in interest or will be provided by the Trustee upon request. Therefore, the Trustee submits that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

18. The relief request herein has been regularly granted by this Court in the past. *See, e.g., In re Play Soccer Chicago LLC,* Case No. 12-30760 (Bankr. N.D. Ill. Aug. 29, 2012) (Wedoff, J.) [Dkt. No. 38].

19. In light of the foregoing, the Trustee further requests that a docket entry reflecting the joint administration, in the same or substantially the same form as that contained in the proposed Order accompanying this Motion, be made in each of the Bankruptcy Cases.

20. No previous request for the relief sought herein has been made to this Court or any other court.

101428090.v1

NOTICE

21.     Notice of this Motion has been provided to all parties requesting CM/ECF service in these Bankruptcy Cases. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto: (a) approving joint administration of the Bankruptcy Cases for procedural purposes only; (b) approving a caption for the jointly administered Bankruptcy Cases substantially in the form of the annexed order; and (c) granting such other and further relief as is just and proper.

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the bankruptcy estates of Pipeline – Westlake Hospital, LLC and Westlake Property Holdings, LLC

Dated: August 21, 2019

By:     */s/ David R. Doyle*
        One of his proposed attorneys

Robert M. Fishman
David R. Doyle
FOX ROTHSCHILD LLP
321 N. Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200

6

101428090.v1