# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 19-22878 |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) (Jointly Administered) |
| *et al.*, | ) |
| | ) Hon. Deborah L. Thorne |
| Debtors. | ) |
| | ) |
| | ) |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **October 8, 2019 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Deborah L. Thorne**, Bankruptcy Judge, in Courtroom 613, United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Application Of Trustee For Authority To Employ Wilshire Pacific Capital Advisors, LLC As Financial Advisor Effective As Of September 10, 2019**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

                                                                            Ira Bodenstein, not personally, but as chapter 7 trustee for the bankruptcy estates of Pipeline – Westlake Hospital, LLC and Westlake Property Holdings, LLC

Dated: October 3, 2019                         */s/ David R. Doyle*
                                                                            One of his proposed attorneys

Robert M. Fishman
Allen J. Guon
David R. Doyle
Christina M. Sanfelippo
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, Illinois 60654
(312) 517-9200

190164\00004\102856649.v1

# CERTIFICATE OF SERVICE

David R. Doyle, an attorney, certifies that he caused to be served a true copy of the foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on October 3, 2019.

*/s/ David R. Doyle*

**Mailing Information for Case 19-22878**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Terence G Banich    tbanich@foxrothschild.com, kjanecki@foxrothschild.com
- Ira Bodenstein    iratrustee@foxrothschild.com, IL29@ecfcbis.com;plove@foxrothschild.com;chdocket@foxrothschild.com
- Erin M Buechler    erin.buechler@comed.com
- John T Carroll    jcarroll@cozen.com, pgiordano@cozen.com;jdeeney@cozen.com
- Rosanne Ciambrone    rciambrone@duanemorris.com, jkahane@duanemorris.com;rpdarke@duanemorris.com;jjohnson3@duanemorris.com
- Scott R Clar    sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- Jeffrey C Dan    jdan@cranesimon.com, sclar@cranesimon.com;mjoberhausen@cranesimon.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Allen J Guon    aguon@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Kevin H Morse    kmorse@clarkhill.com
- Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com
- Christina Sanfelippo    csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
- John R Weiss    jrweiss@duanemorris.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 19-22878 |
| WESTLAKE PROPERTY HOLDINGS, LLC, ) | (Jointly Administered) |
| *et al.*, ) | |
| ) | Hon. Deborah L. Thorne |
| Debtors. ) | |

**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY**
**WILSHIRE PACIFIC CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR**
**EFFECTIVE AS OF SEPTEMBER 10, 2019**

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estates of Westlake Property Holdings, LLC ("Holdings"), and Pipeline – Westlake Hospital, LLC ("Westlake," and together with Westlake, the "Debtors"), pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014(a), hereby applies to this Court for authority to employ Eric J. Weissman and Wilshire Pacific Capital Advisors, LLC (collectively, "WPCA") as his financial advisor in connection with the above-captioned bankruptcy cases ("Cases"). In support of this application, the Trustee respectfully states as follows:

**JURISDICTION AND BACKGROUND**

1. On August 6, 2019 ("Petition Date"), the Debtors filed bankruptcy petitions under chapter 7 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Delaware Court"), designated as Case Nos. 19-11756 and 19-11757, respectively.

2. On August 13, 2019, the Delaware Court entered the *Order Granting Motion of the United States Trustee to Transfer Venue to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division* [Case No. 19-11756, Dkt. No. 59; Case No. 19-11757, Dkt.

190164\00004\102856649.v1

No. 57] ("Transfer Orders") in each of the Cases. Pursuant to the Transfer Orders, the Delaware Court transferred the Cases to this Court.

3. On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as chapter 7 trustee of the Debtors' bankruptcy estates ("Estates").

4. On August 26, 2019, the Court approved the joint administration of the Cases for procedural purposes only. [Dkt. No. 33.]

5. This Court has core jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2)(a) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE DEBTORS' PREPETITION OPERATIONS

6. Prior to the Petition Date, the Debtors owned and operated a 230-bed hospital ("Hospital") and an adjoining medical office building ("MOB") in Melrose Park, Illinois. Holdings is the owner of the real property and equipment for the Hospital, and Westlake is the operating company for the Hospital.

7. The Hospital has ceased operating and accepting patients, and as August 14, 2019, no patients remained at the Hospital. However, the MOB remains partially leased and is occupied by a number of tenants.

## PROPOSED EMPLOYMENT OF FINANCIAL ADVISOR

8. Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 and subject to Court approval, the Trustee has selected WPCA to act as his financial advisor in connection with the Cases.

9. WPCA is well qualified to represent the Trustee. WPCA is a FINRA-licensed broker dealer that specializes in the healthcare industry. WPCA's professionals have significant experience in providing investment banking and financial advisory services to distressed hospitals, including negotiating sale transactions, financings and balance sheet restructurings, having advised debtors, creditors, secured lenders and other parties in interest in bankruptcy cases. Accordingly, WPCA is well qualified to represent the Trustee in these Cases.

10. WPCA proposes to serve as the Trustee's financial advisor to render the following services on behalf of the Trustee, among others:

(a) Accounts Receivable. Analyze the Hospital's accounts receivable to determine the collectability thereof; review historical and projected collections by payor class; manage the Hospital's current third party collections companies and attempt to improve collections; make recommendations regarding outsourcing, in-sourcing or engaging in the bulk sale of various classes of accounts receivable by payor class.

(b) Other Receivables. Investigate opportunities to collect other receivables not in the ordinary course, including the Illinois Hospital Assessment Program, DSH receivables, EMR related monies, and other possible claims by the Debtors.

(c) Supplies and Inventory. Assist the Trustee in evaluating, and to dispose safely, properly and lawfully of any remaining supplies and inventory, including medical gases, radioactive waste and controlled substances.

(d) Furniture, Fixtures and Equipment ("FF&E"). Review the FF&E assets that were acquired by SRC Hospital Investments II, LLC ("SRC") from Tenet Business Services Corporation and its affiliates in the January 2019 acquisition transaction (the "Original FF&E") and determine which assets currently remain in the Hospital (the "Current FF&E"); determine the market value of those assets and make recommendations regarding the sale or other disposition thereof; and investigate any discrepancies between the Original FF&E the Current FF&E.

(e) Real Property. Assess the condition and value of Property's real property (the "Real Estate"), and make recommendations to the Trustee regarding the possible sale, transfer or other disposition thereof.

3

(f) <u>Accounts Payable and Accrued Expenses</u>. To the extent requested by the Trustee, assist in determining which accounts payable and other accrued expenses qualify as post-petition liabilities.

(g) <u>Long-Term Liabilities</u>. Review and assess any secured liabilities of the Debtors, including the senior mortgage debt and other long-term claims.

(h) <u>Intercompany Obligations</u>. Review all intercompany accounts, services and other relationships between and among the Hospital, and Louis A. Weiss Memorial Hospital, West Suburban Medical Center, SCR and any other affiliated entities.

(i) <u>Staffing</u>. Review existing staffing levels and offer recommendations on how to consolidate staffing expenses appropriately in connection with the wind down of the Hospital.

(j) <u>Other Operational Issues</u>. Assist the Trustee in maintaining, transitioning and/or winding down all other areas of hospital operations, including information technology, medical records, insurance, building security and maintenance. Assist the Trustee in the preparation of a wind down budget, as requested.

(k) <u>Bankruptcy Reports</u>. Assist the Trustee in the preparation of any bankruptcy related reports, as requested.

(l) <u>Sale of Assets</u>. Assist the Trustee in the preparation, marketing and sale of its assets pursuant to the Bankruptcy Code, to the extent that the Trustee determines to attempt to sell such assets.

11. The executed WPCA engagement letter (the "<u>Agreement</u>") with the Trustee is attached hereto and made part hereof as <u>Exhibit A</u>.

12. The Trustee requests that he be authorized to retain WPCA effective as of September 10, 2019, the date that WPCA began rendering services to the Estates.

**COMPENSATION**

13. The Trustee has agreed to compensate WPCA according to its standard rates, which are set forth below:

- Mr. Eric Weissman: $400/hour
- Mr. Stan Otake: $400/hour
- Mr. Derek Buchanan: $250/hour
- Mr. Kevin Roy: $250/hour

4

190164\00004\102856649.v1

- Other WPCA personnel: Range between $200/hour and $300/hour

14. In the event that a "Transaction" is consummated during the term of the Agreement, the Trustee has agreed that WPCA shall be entitled to a success fee (the "Success Fee") in the amount of the greater of $200,000 or 3.0% of the "Transaction Value" (as defined in the Agreement). The term Transaction is defined in the Agreement as the acquisition, directly or indirectly, by any party or parties (other than an "Exempt Buyer," as defined in the Agreement) of all or a substantial portion of the assets of the Estates (which disposition must include the Real Estate, as such term is defined in the Agreement), by way of including a purchase, lease, license, exchange, joint venture or other means.

15. WPCA will also request reimbursement for reasonable and necessary out-of-pocket expenses incurred by WPCA in connection with its representation of the Trustee, including, but not limited to, copying costs and travel, meals and lodging expenses for the WPCA team as required to perform the contemplated services. Any travel time will be billed in compliance with the United States Trustee's Guidelines in an amount equal to 50% of the applicable hourly rate.

16. As set forth in the Weissman Statement, WPCA understands that any and all compensation for services rendered on behalf of the Trustee shall be subject to further Court approval, after notice and hearing on separate applications made therefor. WPCA further understands that the sole source of such compensation shall be the funds of the Estates. No party in interest, including the Trustee, has agreed to compensate WPCA for either services rendered or expenses incurred by WPCA in connection with the Cases.

17. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between WPCA and any other firm, person or entity for the sharing or division of any compensation paid or payable to WPCA.

5

**DISINTERESTEDNESS OF PROFESSIONALS**

18.  The Trustee submits with this Application the Verified Statement of Eric Weissman ("Weissman Statement"), the president of WPCA, which sets forth WPCA's connections with Debtors, their Estates, their creditors and any other party in interest. To the best of the Trustee's knowledge, information, and belief, WPCA is a "disinterested person" within the scope of 11 U.S.C. § 101(14) and as required pursuant to 11 U.S.C. § 327(a). The Trustee has based his knowledge, information, and belief on this and other matters set forth in this Application upon the Weissman Statement, a copy of which is attached hereto as Exhibit B.

19.  As set forth in the Weissman Statement, WPCA has no connections with the Debtors, their creditors, or any other party in interest herein and neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed, except as disclosed in the Weissman Statement.

20.  WPCA will update and supplement the Weissman Statement should any connection not disclosed arise or become known to WPCA from and after the date of the Weissman Statement.

**NOTICE**

21.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors and their counsel; and (iii) all parties who have requested notice in these Cases. The Trustee submits that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required. To the extent that this Court determines otherwise, the Trustee requests that any further notice be waived and that notice be limited to that already provided.

190164\00004\102856649.v1

**CONCLUSION**

22. By virtue of the foregoing, the Trustee submits that the proposed employment of WPCA to perform the professional services set forth above is in the best interests of the Debtors' creditors and the Estates and is both necessary and appropriate under the circumstances.

WHEREFORE, the Trustee requests that this Court enter an order, pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014(a):

(a) Authorizing the Trustee to employ Mr. Weissman and WPCA as his financial advisor, effective as of September 10, 2019, to perform the professional services set forth in this Application;

(b) Approving the compensation arrangement set forth in this Application;

(c) Finding that notice of this Application is sufficient, waiving further notice; and

(d) Granting such other relief as this Court deems proper and just.

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the bankruptcy estates of Pipeline – Westlake Hospital, LLC and Westlake Property Holdings, LLC

Dated: October 3, 2019

By: */s/ David R. Doyle*
One of his proposed attorneys

Robert M. Fishman
Allen J. Guon
David R. Doyle
Christina M. Sanfelippo
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, Illinois 60654
(312) 517-9200

7

190164\00004\102856649.v1