# **EXHIBIT A**

# Wilshire Pacific Capital Advisors, LLC

8447 Wilshire Blvd., Suite 202
Beverly Hills, CA 90211
Tel 310.526.3323 | Fax 310.388.5405

September 10, 2019

Mr. Ira Bodenstein
Chapter 7 Trustee
Westlake Property Holdings, LLC, Debtor (Case No. 19-11756)
Westlake Hospital, LLC, Debtor (Case No. 19-11757)
321 N. Clark St., Suite 1600
Chicago IL 60654

    *Re:*    *Engagement Letter*

Dear Mr. Bodenstein:

This letter agreement (the "Agreement") is entered into on September 10, 2019 ("Effective Date"), by and between Wilshire Pacific Capital Advisors, LLC ("WPCA") and Westlake Property Holdings, LLC, Debtor (Case No. 19-11756) and Westlake Hospital, LLC, Debtor (Case No. 19-11757) (the "Client" or "Company"). This letter sets forth the consulting and advisory services to be rendered by WPCA to Client during its Chapter 7 bankruptcy case.

## PURPOSE OF ENGAGEMENT

1. WPCA's authority and duties shall include the following:

    a. <u>Accounts Receivable</u>. Analyze the Company's accounts receivable to determine the collectability thereof; review historical and projected collections by payor class; manage the Company's current third party collections companies and attempt to improve collections; make recommendations regarding outsourcing, in-sourcing or engaging in the bulk sale of various classes of accounts receivable by payor class.

    b. <u>Other Receivables</u>. Investigate opportunities to collect other receivables not in the ordinary course, including the Illinois Hospital Assessment Program, DSH receivables, EMR related monies, and other possible claims by the Company.

    c. <u>Supplies and Inventory</u>. Assist the Trustee to dispose safely, properly and lawfully of any remaining supplies and inventory, including controlled substances that are supervised by the Company's pharmacy director.

    d. <u>Furniture, Fixtures and Equipment ("FF&E")</u>. Review the FF&E assets were acquired by SRC from Tenet and determine which assets still reside in the Company; determine the market value of those assets and make recommendations regarding the sale or other disposition thereof.

    e. <u>Real Property</u>.  Assess the condition and value of real property, and make recommendations to the Trustee regarding the possible sale or transfer thereof.

    f. <u>Accounts Payable and Accrued Expenses</u>.  To the extent requested by the Trustee, assist in determining which accounts payable and other accrued expenses qualify as post-petition liabilities.

    g. <u>Long-Term Liabilities</u>.  Review and assess any secured liabilities of the Company, including the senior mortgage debt and other long-term claims.

    h. <u>Intercompany Obligations</u>.  Review all intercompany accounts between and among Westlake Hospital and Louis A. Weiss Memorial Hospital and West Suburban Medical Center.

    i. <u>Staffing</u>.  Review existing staffing levels and offer recommendations how to consolidate staffing expenses appropriately in connection with the wind down of the facility.

    j. <u>Other Operational Issues</u>.  Assist the Trustee in maintaining, transitioning and/or winding down all other areas of hospital operations, including information technology, medical records, insurance, building security and maintenance.

    k. <u>Bankruptcy Reports</u>.  Assist the Trustee in the preparation of any bankruptcy related reports, as requested.

2. <u>Sale of Assets</u>.  Assist the Trustee in the preparation, marketing and sale of its assets pursuant to the Bankruptcy Code. Services to include:

    a. Work with Trustee to create a list of assets to be sold, including the intellectual property assets;

    b. Advise on the structure of a sale process;

    c. Develop a target list of potential acquirers;

    d. Work with Trustee to prepare an offering memorandum, non-disclosure agreement and data room;

    e. Commence external outreach to the target list of potential acquirers;

    f. Assist potential buyers with due diligence and formulation of offers;

    g. Work with Trustee to assist in the closing of a sale transaction.

3. Provide such other financial and advisory services as Client may require.

4. WPCA will not make an appraisal of any assets of the Company.

## TERM AND TERMINATION OF ENGAGEMENT

5. WPCA's retention by Client is effective September 10, 2019, and shall continue until the Engagement is concluded or the Engagement is terminated in accordance with Paragraph 6 hereof, unless otherwise agreed upon in writing between WPCA and Client.

6. Upon five (5) days written notice, either party may terminate this Agreement, without prejudice to rights that have accrued as of such termination, including any rights to payment that have accrued at that time, whether absolute, contingent or inchoate, liquidated or unliquidated, and however and whenever arising or asserted.  Upon any termination or expiration of this Agreement, WPCA shall be entitled to prompt payment of all fees and other amounts accrued as a result of this Engagement, including those asserted after termination on account of events or matters occurring before termination, and all out-of-pocket expenses described herein.

7. If WPCA is terminated prior to the sale of the Client's assets, WPCA shall earn its Success Fee if such sale is completed within 18 months of the date of termination and WPCA expended material efforts in performing the services described above with respect to the buyer prior to termination.

8. The requirements under this Agreement of confidentiality, non-circumvention, indemnification, and payment of all compensation due to WPCA shall survive termination of this Agreement.

## EXCLUSIVITY

9. You agree that WPCA shall represent you as your exclusive financial advisor during the Term of the Engagement.

## COMPENSATION

10. **Hourly Rates.**  WPCA will be compensated on an hourly basis for services rendered at the hourly rates in effect at the time services are rendered ("Hourly Billings"). The current hourly billing rates for the key WPCA team members are:
    - Mr. Eric Weissman: $400/hour
    - Mr. Stan Otake: $400/hour
    - Mr. Derek Buchanan: $250/hour
    - Mr. Kevin Roy: $250/hour
    - Other WPCA personnel: Range between $200/hour and $300/hour

11. **Success Fee on Company Sale Event.**  If any "Transaction" is consummated during the term of this agreement (or as covered under Section 7), WPCA shall earn and be paid the greater of $200,000 or 3.0% of the "Transaction Value."

    a. For purposes of this agreement, "Transaction" means the acquisition, directly or indirectly, by any party or parties of all or a substantial portion of the assets of the Company by way of a purchase, lease, license, exchange, joint venture or other means.

    b. For purpose of this agreement, "Transaction Value" means the value of the greater of any of the following individually or in combination: (i) all cash paid, installment notes

and/or securities issued, any indebtedness cancelled or assumed, any assets retained by the Company in connection with or arising from the Transaction, and (ii) any other form of payment made to the Company in connection with or arising from the Transaction, including any contingent payments, consideration to be paid in the form of earnouts, any consideration placed in escrow, and the amount of any indebtedness.

c. WPCA's primary pool of target buyers shall include, but not be limited to, general medical and surgical hospitals, psychiatric and substance abuse hospitals, specialty hospitals, family planning clinics, hospices and palliative care centers, free-standing emergency and other outpatient care centers, sleep disorder clinics, dental laboratories, blood and organ banks, home health care services, nursing care facilities, urgent care centers, mental health and residential developmental handicap facilities, senior care, community care facilities for the elderly, other residential care facilities, healthcare real estate investment trusts, outpatient care centers, medical and diagnostic laboratories, ambulance operators, other ambulatory health care service providers, medical practitioners, retail pharmacy operators, alternative healthcare providers, health maintenance organizations, preferred provider organizations, medical case management companies and medical schools.

d. The Trustee may carve out a separate pool of buyers that are not connected to the healthcare industry. Those buyers shall be identified on Schedule 11(d), which may be amended from time to time. A Transaction consummated with any of the buyers on Schedule 11(d) shall not be subject to a Success Fee. To the extent that Trustee desires the assistance of WPCA related to a Transaction with a buyer identified on Schedule 11(d),Trustee and Buyer shall arrange just and reasonable compensation, which the Trustee shall have sole and final authority to determine.

e. It is intended that any Transaction would be conducted in a manner such that the offers and sales of any securities or issuance of any debt will be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act"), and the securities laws of any state or other jurisdiction in which the Securities are offered. In acting as a placement agent for any Transaction, WPCA would seek to complete the transaction on a best-efforts basis, acting as an agent and not as a principal. WPCA may separately engage sub-agents at its own expense and with your prior approval.

12. **Retainer.** Client will provide WPCA with a $25,000 Retainer payment, against which hourly billings will be charged. Additional amounts owing to WPCA not covered by the Retainer shall be payable at such time(s) as appropriate.

13. **Fee Application**. WPCA understands that it will be required to file Fee Applications from time to time with the bankruptcy court, with invoices subject to court approval.

## EXPENSE REIMBURSEMENT

14. **Expenses.** WPCA shall also be reimbursed upon demand (and as permitted by the Bankruptcy Court) or, if requested by WPCA, Client will directly pay for all reasonable out-of-pocket expenses, including, but not limited to, travel, copying costs, and any other costs incurred by WPCA in the course of activities or actions required or permitted by this Agreement, including reasonable attorneys' fees. Client acknowledges that WPCA will need to arrange at Client's expense to cover all travel, meals and lodging for the WPCA

102646490.v1-9/25/19    4

team required to perform the contemplated services. Any travel time will be billed in compliance with the United States Trustee's Guidelines in an amount equal to 50% of the applicable hourly rate.

## DISPUTE RESOLUTION

15. This Agreement and all matters related hereto shall be interpreted, governed by, and construed in accordance with the laws of the State of California applicable to agreements made and to be performed entirely in such State without reference to conflicts of law, principles or principles of comity. Any controversies, claims or disputes relating to this Agreement or arising in connection with or under this Agreement or any acts, omissions or relationships contemplated or taken, occurring, or arising pursuant to or as provided in this Agreement or otherwise from or in connection with the Engagement or any acts or omissions if any party or person in the cause thereof, whether relating to or arising in breach of contract, tort, equity or other claim or dispute of any kind under any theory, shall be heard and resolved solely by the Bankruptcy Court presiding over Client's chapter 7 case.

16. **Waiver of Jury Trial and Related Rights.** TO THE MAXIMUM EXTENT PERMITTED BY LAW THE PARTIES WAIVE ANY RIGHT OF ANY KIND TO HAVE ANY OR ALL SUCH DISPUTES TRIED BY A JURY, WHETHER UNDER THE LAWS OR CONSTITUTIONS OF ANY STATE OR OF THE UNITED STATES OR OTHERWISE.

17. **Attorneys Fees.** If any legal action based in contract law is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and necessary disbursements in addition to any other relief to which that party may be entitled. This provision for recovery of attorneys' fees shall be construed as applicable to the entire Agreement.

## MISCELLANEOUS

18. **Mutual Representations and Warranties.** Both Client and WPCA hereby each represent and warrant for itself that (a) each party to this Agreement has full and unrestricted authority and right to make and perform this Agreement in accordance with its terms (subject to Bankruptcy Court approval); (b) the making or performance of this Agreement by Client or WPCA, as the case may be, shall not violate any rights of, agreements with or obligations to any third parties; (c) this Agreement shall be and is a valid and binding obligation of such party which is legally enforceable in accordance with its express terms (subject to Bankruptcy Court approval); and (d) Client or WPCA, as the case may be, shall not circumvent or otherwise frustrate the expressed intent or expressed provisions of this Agreement.

19. This Agreement may not be modified or amended except in a writing signed by the parties hereto.

20. The advice (written or oral) rendered by WPCA pursuant to this agreement is intended solely for the benefit and use of the Company in considering the matters to which this Agreement relates.

21. Any determination that any one or more of the provisions of this Agreement may be, or is, invalid, illegal, or unenforceable shall not affect the validity, legality, or enforceability of the remainder of this Agreement.

22. This Agreement may be executed in counterparts, each of which together shall be considered a single document.

23. This Agreement supersedes any and all other agreements, either oral or in writing, between the parties with respect to the subject of this Agreement. This Agreement contains all of the covenants and agreements between the parties with respect to the subject of this Agreement, and each party acknowledges that no representations, inducements, promises, or agreements have been made by or on behalf of any party except the covenants and agreements embodied in this Agreement. No agreement, statement, or promise not contained in this Agreement shall be valid or binding between the parties with respect to the subject of this Agreement, except as provided in this Agreement.

We appreciate the opportunity of working with you and the Company. Please indicate your agreement with all of the foregoing by signing and returning a FULLY EXECUTED ORIGINAL OF THIS AGREEMENT to this office.

Sincerely,

*[signature]*

Wilshire Pacific Capital Advisors LLC
Eric J. Weissman
President


**ACCEPTED AND AGREED:**

*[signature]*  10/3/19

Mr. Ira Bodenstein, *not individually but as chapter 7 trustee*     Date

**Schedule 11(d)**