```
          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


Westlake Property Holdings,    )
LLC,                           )   No. 19 B 22878
                               )   Chicago, Illinois
                               )   10:00 a.m.
                  Debtor.      )   October 15, 2019




              TRANSCRIPT OF PROCEEDINGS BEFORE THE
                  HONORABLE DEBORAH L. THORNE



APPEARANCES:

For the Trustee:              Mr. Robert Fishman;

For SRC Hospital Investment
II, LLC:                      Mr. Richard Darke;

For the Village of Melrose
Park:                         Mr. Kevin Morse;
```

Court Reporter:              Amy Doolin, CSR, RPR
                             U.S. Courthouse
                             219 South Dearborn
                             Room 661
                             Chicago, IL  60604.

Case 19-22878   Doc 114-1   Filed 11/04/19   Entered 11/04/19 12:27:15   Desc
Attachment 10-15-2019 Hearing Transcript   Page 2 of 16

2

1  THE CLERK: Westlake Property
2  Holdings, LLC.
3  MR. DARKE: Good morning, Your
4  Honor. Rick Darke and Rosanne Ciambrone on behalf of
5  SRC.
6  MR. MORSE: Good morning, Your Honor.
7  Kevin Morse on behalf of the Village of Melrose
8  Park.
9  MR. FISHMAN: Good morning, Your
10  Honor. Robert Fishman appearing on behalf of the
11  trustee.
12  THE COURT: Okay. I have certainly
13  read what Melrose Park has submitted in terms of the
14  motion to vacate.
15  Well, first of all, I will grant the
16  motion to exceed.
17  MR. MORSE: Thank you, Your Honor.
18  THE COURT: I don't know if any other
19  party has anything that they want to add.
20  MR. MORSE: I wouldn't think so, Your
21  Honor, given what the court -- what isn't for
22  reconsideration. We're not asking reconsideration
23  of, you know, the court's holding that the stay does
24  not apply to SRC or that the Supremacy Clause
25  precludes any contempt proceeding based on the

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 3 of 16

3

1  filing.
2              So given that, I think the issues
3  really should only be the procedural issues before
4  Your Honor.
5              MS. CIAMBRONE:  Your Honor, I read his
6  motion to go a little bit farther than that.  I'm a
7  little bit concerned that we wouldn't have the
8  opportunity to fully respond to it.
9              THE COURT:  I mean, I'm going to
10 give you the opportunity if you want to respond to
11 it.
12             MS. CIAMBRONE:  I would like -- we
13 would like the ability to respond to it, Your
14 Honor.
15             THE COURT:  I want to protect -- I
16 don't want to drag this out too far because I am --
17 at this point, unless you have something that's
18 really going to push me another way, I am prepared
19 to deny the motion to vacate or to reconsider.
20 So --
21             MS. CIAMBRONE:  That's fine, Your
22 Honor.
23             THE COURT:  -- I think you may want to
24 save your time.
25             MS. CIAMBRONE:  Yes.

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 4 of 16

4

1      THE COURT: And I have an order -- I
2 have an order to read this morning. I don't really
3 like oral rulings, but I'm going to do it.
4      MS. CIAMBRONE: That's fine, Your
5 Honor.
6      We would be -- we would support that
7 position of denying the motion.
8      THE COURT: Okay.
9      MR. FISHMAN: Your Honor, all the
10 trustee cares about is that the substantive holdings
11 stay the same and the road you take to get there is
12 other people's concern, not ours.
13      THE COURT: Okay. So, I will read
14 this into the record. And if you want to sit down,
15 because I always think it was -- when I was on that
16 side of the bench, I thought it was hard to stand up
17 there while somebody reads something.
18      So, I am going to deny the motion.
19 The Village asserts that the court should reconsider
20 and vacate all sections, except for 2(a)(1) and
21 2(b)(1) of the opinion and order for the following
22 reasons:
23      First, the Village states that there
24 are material facts pertinent to the opinion that are
25 in dispute;

Case 19-22878 Doc 114-1 Filed 11/04/19 Entered 11/04/19 12:27:15 Desc
Attachment 10-15-2019 Hearing Transcript Page 5 of 16

5

1 Second, that Section 2(a)(2) of the
2 opinion violates the Bankruptcy Code, local rules,
3 and passes on matters that were not before the
4 court;
5 Three, the court should not have
6 considered the totality of the -- could not have
7 considered the totality of circumstances as
8 significant questions of fact existed and no evidence
9 was presented to the court;
10 And, fourth, the court lacks
11 subject matter jurisdiction to rule on Section
12 362(b)(4) because there was no active case or
13 controversy invoking the exception to the automatic
14 stay.
15 The Village relies most heavily upon a
16 stipulation that was filed in this case as docket
17 number 49, which was entitled "Stipulation and Agreed
18 Order on Motion for Entry of an Order Respecting the
19 Automatic Stay."
20 Docket number 49 was never brought
21 before this court pursuant to a motion, as required
22 in Federal Rule of Bankruptcy Procedure 9019, seeking
23 approval of a compromise.
24 Had the compromise been properly
25 before the court under Rule 9019, it would have

Case 19-22878   Doc 114-1   Filed 11/04/19   Entered 11/04/19 12:27:15   Desc
Attachment 10-15-2019 Hearing Transcript    Page 6 of 16

6

1 required a motion, notice, and a hearing, after which
2 time the court could have considered whether it would
3 have approved the compromise suggested.
4             This was not done.  The court is not
5 required to nor is it able to continually scour its
6 case docket to see whether random stipulations have
7 been filed.
8             The court is mindful that the parties
9 mentioned on the record during one of this court's
10 hearings that the parties were working on a
11 stipulation, but this does not mitigate the fact that
12 the parties to the stipulation did not follow the
13 Federal Rules of Bankruptcy Procedure to bring a
14 proposed compromise before the court.
15             At the same time this court announced
16 that it was preparing a memorandum opinion, yet the
17 Village did not indicate that it was no longer
18 pursuing the motion to dismiss, nor did it withdraw
19 its motion.
20             The stipulation was only between the
21 Village and the trustee.  There were certainly other
22 parties with a vested interest in the emergency
23 motion to dismiss and the motion regarding the
24 automatic stay, specifically SRC, the managing
25 director of debtors.

Case 19-22878 Doc 114-1 Filed 11/04/19 Entered 11/04/19 12:27:15 Desc
Attachment 10-15-2019 Hearing Transcript Page 7 of 16

7

1             SRC responded to the automatic stay
2 motion by filing an objection on August 30, 2019.  So
3 clearly SRC had a vested interest in any resolution
4 of that motion.  In fact, the parties indicated at
5 one of the status hearings that they were in
6 discussions with SRC to see whether it would join in
7 the stipulation.
8             SRC apparently did not join, and the
9 parties seemed to ignore this when filing the
10 stipulation and suggesting that it was agreed.
11             The Village correctly states that an
12 order of the bankruptcy court should be reconsidered
13 when there are material facts pertinent to the
14 opinion that are in dispute.  The court has reviewed
15 the "material facts" cited by the Village and does
16 not find that any material facts were ignored.
17             Further, none of these purported
18 material facts affect the outcome of the court's
19 ruling.  Was it several months or two weeks before
20 SRC filed its discontinuation application with the
21 review board; was the hospital properly capitalized
22 or not, neither of these are material facts that
23 would have changed this court's opinion that the
24 hospital did not have sufficient cash to operate and
25 that it was entitled to file a Chapter 7 bankruptcy

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 8 of 16

8

1  petition.
2           Whether there was mismanagement
3  because receivables were not properly handled is a
4  fact that was not presented by the Village in its
5  motion to dismiss.  In fact, the motion to dismiss
6  relies upon the alleged statements made by the
7  debtor's managers to the review board and to the
8  Village which do not overcome the salient fact that
9  the debtor only had food available for three more
10 days of operation, had few patients in the hospital,
11 and had lost many employees.  These are the facts
12 that convinced the court that the motion to dismiss
13 should be denied.
14          The Village also argues that the
15 court violated the Bankruptcy Code, local rules and
16 passes on matters that were not before the court.
17          First of all, the Village filed the
18 emergency motion to dismiss and never noticed it up
19 for a hearing.  It's not the court's duty to provide
20 notice to parties.
21          Under 11 U.S.C. section 701(a)
22 and 305(a), only if a motion to dismiss the case
23 was to be granted would the failure to provide notice
24 to all creditors and parties in interest be a flaw.
25 The motion was denied, and denial under either of

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 9 of 16

9

1  these sections does not require notice and a
2  hearing.
3              The court did not violate any portion
4  of the Bankruptcy Code or the Federal Rules of
5  Bankruptcy Procedure or the local rules.
6              The Village further states that there
7  was never any need to proceed on the motion to
8  dismiss after the bankruptcy cases were transferred
9  and the hospital closed.  Well, that's, frankly, news
10 to this court.  If that was true, the Village should
11 have withdrawn its motion.  The problem with seeking
12 to withdraw the motion after the court has ruled is
13 obvious.
14             The Village further states that if the
15 parties had been given the opportunity, as set forth
16 in the reply, the Village as the movant would have
17 informed the court that the parties had resolved all
18 outstanding issues.
19             The Village had this opportunity.  It
20 could have advised the court at any time that it was
21 withdrawing its motion or it could have noticed the
22 stipulation as provided in the rules.  But the fact
23 that the motion was not withdrawn created the need
24 for the court to enter an extensive order on a motion
25 that the Village apparently did not want to pursue or

Case 19-22878   Doc 114-1   Filed 11/04/19   Entered 11/04/19 12:27:15   Desc
Attachment 10-15-2019 Hearing Transcript   Page 10 of 16

10

1 at least does not wish to pursue now that the court
2 has ruled.
3           Frankly, it appears to this court that
4 the Village no longer wants to pursue its motion to
5 dismiss and is intent on pursuing its claims against
6 the review board and SRC, all of which it is free to
7 do within the parameters set forth in this court's
8 memorandum opinion.
9           To the extent the Village or any other
10 party seeks to proceed against the debtors in those
11 proceedings or any others, it will have to seek
12 further relief from this court.
13           The motion for reconsideration of the
14 memorandum opinion is denied.
15           MR. DARKE:  Thanks, Judge.  Rick Darke
16 on behalf of SRC.
17           There is one issue that I want to
18 raise with respect to the stipulation.  Not
19 Mr. Morse, but other attorneys for the Village have
20 been presenting that stipulation as a basis to go
21 forward in the review action that you just mentioned.
22           And we argued just last Friday that
23 it wasn't properly before the review -- the court,
24 the state court, on a review action.  And for some
25 reason they were arguing that it was an enforceable

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 11 of 16

11

1  stipulation that they were allowed to proceed
2  on.
3              So, I would just --
4              THE COURT:  It seems quite clear it's
5  not an enforceable stipulation.  It was never signed
6  by the court.  It was styled stipulation and agreed
7  order.  It was never properly brought before me.
8              I ruled basically on the -- much of
9  the substance that's in it, you're going to have to
10 go with my ruling, as opposed to this stipulation
11 which is just there on the docket.
12             MR. DARKE:  Well, and we had -- sorry,
13 Kevin.
14             MR. MORSE:  Sorry.
15             MR. DARKE:  We have asked for SRC to
16 have a chance to object to the stipulation because
17 we --
18             THE COURT:  It's not a -- it's a
19 stipulation between the trustee and the Village.
20 It's never been approved by the court.  It's not
21 going to be approved by the court.
22             The order that I entered, on whatever
23 date it was, is the order that pertains to the motion
24 to dismiss and to the motion to extend the automatic
25 stay or to explain the automatic stay's extension.

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 12 of 16

12

1                MR. DARKE:  Thank you.

2                MR. MORSE:  And, Your Honor, in your

3    oral ruling what I heard is that the parties are

4    free to pursue their review action, and that contempt

5    proceeding, or whatever we may have called it,

6    within the parameters as you set forth in your

7    memorandum --

8                THE COURT:  Within the parameters.

9                MR. MORSE:  Correct.

10               THE COURT:  And if there is a question

11   about whether it's within the parameters, you can

12   come back to the court and ask for kind of

13   clarification on that or you can file a motion to

14   modify the stay, if that's what appropriate.

15               But you're going to have to look at

16   that opinion.  I think it was quite clear -- and I

17   don't want to try to reexplain my opinion.  Look at

18   it.  And if it's not clear, come back.  But that's my

19   ruling.

20               MS. CIAMBRONE:  Thank you, Your

21   Honor.

22               MR. FISHMAN:  Your Honor, just one

23   thing.  Just -- I want to be clear.  I believe we

24   filed the stipulation the day before we were having a

25   status hearing.

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 13 of 16

13

1         We would have motioned it up for
2    approval except on the day of the status hearing
3    you told us you were going to rule anyways, and,
4    therefore, the stipulation became in that sense
5    moot.
6         So I don't want record to sound as
7    though we didn't follow appropriate procedure.  The
8    procedure was circumvented by Your Honor announcing
9    you were making a ruling.
10        THE COURT:  Maybe.  I mean, I would
11   think that that would be a likely assumption to make
12   from that.
13        I mean, I was very close.  In fact, I
14   had a little bit more proofreading to do.  I probably
15   would have filed it before the hearing.  But the
16   stipulation is just out there.
17        MR. FISHMAN:  Well, I understand
18   that.  I'm not suggesting the stipulation is -- has
19   any import whatsoever.  I just don't want the record
20   to make it sound like we attempted to circumvent the
21   appropriate procedures.
22        THE COURT:  I don't know what the
23   parties were intending to do, but...
24        MR. MORSE:  Similarly, Your Honor,
25   just for the record, the Village wasn't trying to

Case 19-22878   Doc 114-1   Filed 11/04/19   Entered 11/04/19 12:27:15   Desc
Attachment 10-15-2019 Hearing Transcript   Page 14 of 16

14

1  withdraw the motion to dismiss following Your Honor's
2  ruling.  I think it was clear on the record that it
3  was going to be held in abeyance.  And that's why it
4  was never noticed for the parties, because the
5  exigent circumstances for which it was brought before
6  the court were completely different once we came
7  before Your Honor.  And I think Mr. Fishman said, you
8  know, our hope is just to continue this and resolve
9  all those issues.
10             THE COURT:  Well, I think if the
11 Village did not want anything -- if the Village did
12 not want to pursue the motion, they should have
13 withdrawn it.
14             I don't think -- it sounded to me from
15 reading the stipulation that the Village was not
16 pursuing it, that the case was going to go ahead.
17 But, you know, it would have been a courtesy to the
18 court to withdraw a motion that I didn't have to rule
19 on.
20             MR. MORSE:  Understood, Your Honor.
21             Similarly, there's a lot of moving
22 parts in this case.  Similar to the adversary
23 proceeding that I think is very closely tied to the
24 motion to dismiss, the trustee isn't seeking to
25 pursue it, but that's still on the record.  Right now

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 15 of 16

15

1  it's still on the court's docket.
2             And so I apologize if Your Honor, you
3  know, did not -- thinks I should have withdrawn it
4  quicker, but I think it was clear on the record that
5  there was no intent to pursue it and that it was
6  never noticed for a hearing.  And we, the Village,
7  did not have an opportunity to present it to Your
8  Honor an inform Your Honor that we didn't have an
9  interest to pursue it.
10            THE COURT:  We had a number of
11 statuses.  I'm not going to cast any aspersions, but
12 in the future if you're not pursuing a matter that
13 the court has taken under -- is about to rule upon,
14 it would be very nice, it would be a courtesy to the
15 court to withdraw that motion so that I don't go
16 ahead and spend a lot of time when I have other
17 matters.
18            MR. MORSE:  Understood.  I thought we
19 had made it clear at the status hearings, but I
20 understand your court's ruling.
21            THE COURT:  Okay.
22            MR. MORSE:  And we reserve all of our
23 rights, but I don't think Your Honor needs to file an
24 appeal or do whatever other actions we so seek.
25            THE COURT:  I'm not filing an

Case 19-22878    Doc 114-1    Filed 11/04/19    Entered 11/04/19 12:27:15    Desc
Attachment 10-15-2019 Hearing Transcript    Page 16 of 16

16

1  appeal.

2             MR. MORSE:  I know you're not.

3             THE COURT:  If anybody wants to file
4  an appeal, they should go for it.

5             MR. MORSE:  Very good.

6             THE COURT:  Okay.  I think that's it
7  for today.

8             MR. MORSE:  That is it.

9             (Which were all the proceedings had in
10                the above-entitled cause, October 15,
11                2019, 10:00 a.m.)

12  I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
    THAT THE FOREGOING IS A TRUE AND ACCURATE
13  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
    ENTITLED CAUSE.  /S/

14

15

16

17

18

19

20

21

22

23

24

25