**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 19-22878 |
| WESTLAKE PROPERTY HOLDINGS, LLC, ) | (Jointly Administered) |
| *et al*., ) | |
| ) | Hon. Deborah L. Thorne |
| Debtors. ) | |

**NOTICE OF DESIGNATED AGREEMENTS IN CONNECTION WITH**
**THE SALE OF THE WESTLAKE HOSPITAL CAMPUS**

**PLEASE TAKE NOTICE AS FOLLOWS**:

1.  On September 14, 2020, Ira Bodenstein, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Westlake Property Holdings, LLC (the "Estate") entered into a Purchase and Sale Agreement with Woodlake Pacific Holdings, LLC ("Woodlake") and a Purchase and Sale Agreement for Additional Properties with Lakeland Holdings 2020, LLC ("Lakeland, and together with Woodlake, the "Buyers"). Under the agreements, the Trustee has agreed to sell to the Buyers the Estate's interests in the Westlake Hospital located at 1225 West Lake Street, Melrose Park, Illinois (the "Hospital"), the adjoining medical office building located at 1111 West Superior Street, Melrose Park, Illinois (the "MOB"), and the warehouses located at 917-921 Main Street, Melrose Park, Illinois (the "Warehouses," and together with the Hospital, the MOB and certain other real property and improvements thereon in the surrounding area, the "Property").

2.  On September 21, 2020, the Trustee filed the *Trustee's Motion For Entry Of An Order (I)Authorizing Sale Of Westlake Property Holdings, LLC's Real Property To Woodlake Pacific Holdings, LLC And Lakeland Holdings, LLC Free And Clear Of Liens, Claims And Interests, (II) Authorizing Assignment Of Related Postpetition Contracts And Leases, And (III) Approving the Form and Manner of Notice* (the "Sale Motion").[1] In the Sale Motion, the Trustee seeks, among other things, the entry of an order (a) approving the sale of the Property to the Buyers for the amount of $12 million free and clear of all liens, claims and interests, but subject to certain permitted encumbrances, and (b) the assignment of certain postpetition leases to Lakeland.

3.  The Sale Motion will be presented on **October 1, 2020 at 9:00 a.m. (Central time)** before the **Honorable Deborah L. Thorne. The Sale Motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the Sale Motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476. The Sale Hearing may be continued from time to time without further notice other than by announcement in open court.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Sale Motion.

4. Pursuant to the agreements, the Trustee intends to assign certain postpetition leases relating to Property to Lakeland upon closing of the sale transaction (each a "Designated Agreement" and collectively, the "Designated Agreements"). A list of the Designated Agreements (the "Designated Agreements List") is attached hereto as **Exhibit A**. Lakeland reserves the right to remove any Designated Agreement from the Designated Agreements List at any time prior to the closing of the sale. If you have any questions about the assignment of a Designated Agreement, you should contact the attorneys for Lakeland, Foley & Lardner LLP, 321 N. Clark Street, Suite 3000, Chicago, Illinois 60654 (Attn: Edward J. Green), Telephone (312) 832-4375, email: egreen@foley.com.

5. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A PARTY TO A DESIGNATED AGREEMENT (OR REPRESENT A PARTY TO A DESIGNATED AGREEMENT) THAT IS IDENTIFIED ON THE DESIGNATED AGREEMENTS LIST.**

6. **To the extent you object to the Sale Motion, including the assignment of your Designated Agreement to Lakeland, and want the Sale Motion called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Sale Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Sale Motion in advance without a hearing. The Notice of Objection should be filed with Clerk of the United States Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604**.

7. Be advised that if you do file an objection you or your attorney will be expected to participate the Sale Hearing or the court may grant the relief sought in the Sale Motion over such written objection.

8. Further information about the Sale Motion may be obtained from the Trustee's counsel at the address listed below.

>Allen J. Guon
>COZEN O'CONNOR
>123 North Wacker Drive, Suite 1800
>Chicago, Illinois 60606
>Email: aguon@cozen.com
>Tel: (312) 474-4450

## Exhibit A – Designated Agreements List

| Counterparty Name | Contract Description |
|---|---|
| PCC Community Health | Lease for 1111 Superior Street, Melrose Park, Illinois, Suite 101 |
| Fresenius Medical Care, LLC | Lease for 1111 Superior Street, Melrose Park, Illinois, Suite 204 |
| Khalil Y. Karim, M.D. | Lease for 1111 Superior Street, Melrose Park, Illinois, Suite 402 |