**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al*., | ) | (Jointly Administered) |
| Debtors. | ) | Hon. Deborah L. Thorne |

**CERTIFICATE OF SERVICE**

Allen J. Guon certifies that he caused to be served a true and correct copy of **Trustee's Sixth Omnibus Objection to Certain Overstated, Misclassified, Tardily Filed and No Liability Claims (filed in Pipeline – Westlake Hospital, LLC, Case No. 19-22881, ECF No. 111)** upon the attached Electronic Mail Notice List through the ECF System and on the Manual Notice List via U.S. Mail on August 23, 2021.

/s/ Allen J. Guon

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

LEGAL\53883524\1

# Mailing Information for Case 19-22881

## Electronic Mail Notice List

- Terence G Banich     terence.banich@katten.com
- Ira Bodenstein     iratrustee@cozen.com, IL29@ecfcbis.com
- Ira Bodenstein     ibodenstein@cozen.com, ira-bodenstein-9561@ecf.pacerpro.com
- Vlad V. Chirica     vchirica@perlandgoodsnyder.com
- Rosanne Ciambrone     rciambrone@duanemorris.com, autodocketchi@duanemorris.com;rpdarke@duanemorris.com;jjohnson3@duanemorris.com
- Scott R Clar     sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- Jeffrey C Dan     jeffd@goldmclaw.com, teresag@goldmclaw.com
- David R Doyle     daviddoyle@cozen.com, david-doyle-7943@ecf.pacerpro.com
- Robert M Fishman     rfishman@cozen.com, robert-fishman-9859@ecf.pacerpro.com
- Allen J Guon     aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Kevin H Morse     kmorse@clarkhill.com
- Daniel J Schneider     dschneider@edelson.com, ascharg@edelson.com;docket@edelson.com
- John Simonetti     zotalis@mschicagolaw.com, simonetti@mschicagolaw.com
- Bradley A. Skafish     brad@deutschmanlaw.com, baskafish@gmail.com
- Julia Jensen Smolka     jjensen@dimonteandlizak.com, jjarke@dimontelaw.com;mrussell@dimontelaw.com
- John R Weiss     jrweiss@duanemorris.com, autodocketchi@duanemorris.com
- Eric R von Helms     evonhelms@kmksc.com

## Manual Notice List (Via U.S. Mail)

Abbott Diagnostics
Division of Abbott Laboratories Inc.
Kohner, Mann & Kailas, S.C.
c/o Eric R. von Helms
4650 North Port Washington Road
Milwaukee, WI 53212

Airgas USA, LLC
Attn: Nancy Dill
6055 Rockside Woods Blvd.
Independence, OH 44131

De Lage Landen Financial Services, Inc.
Attn.: Tom Hartzel
1111 Old Eagle School Road
Wayne, PA 19087

Eshaghy, MD, Behrooz
1613 Midwest Club Pky
Oak Brook, IL 60523-2584

First Point Mechanical Services, LLC
Attn.: CJ Folden, President
1625 Winnetka Circle
Rolling Meadows, IL 60008

GE Precision Healthcare LLC
aka GE Healthcare Diagnostic Imaging
c/o Michael Bach, Authorized Agent
25 Whitney Drive, Suite 106
Milford, OH 45150

United Healthcare Insurance Company
185 Asylum St.
03B
Hartford, CT 06103

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE TRUSTEE IS OBJECTING TO YOUR CLAIM. PLEASE LOCATE YOUR NAME AND CLAIM(S) IN THE ATTACHED OBJECTION. IF YOU DO NOT RESPOND BY SEPTEMBER 16, 2021 YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |

**NOTICE OF THE TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN OVERSTATED, MISCLASSIFIED, TARDILY FILED AND NO LIABILITY CLAIMS, AND RELATED HEARING**

**PLEASE TAKE NOTICE** that on **September 23, 2021 at 9:30 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present the **Trustee's Sixth Omnibus Objection to Certain Overstated, Misclassified, Tardily Filed and No Liability Claims**, a copy of which is attached.

**This objection will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the objection, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

**Your claim may be reduced, modified, or eliminated**. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not want the Court to eliminate or change your claim, then you or your lawyer should file a written response to the Trustee's Sixth Omnibus Objection to Certain Overstated, Misclassified, Tardily Filed and No Liability Claims, in accordance with the response procedures set forth below. **If you do not object to the relief requested, an order will be presented to the Court and the relief requested may be granted**.

Every response to this objection must contain, at a minimum, the following information:

a. a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title "Response of [Claimant Name] to Claim Objection;"

b. the name of the claimant and description of the basis for the amount of the claim;

c. a concise statement setting forth the reasons why the claim should not be disallowed or modified as set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

d. a copy of all documentation or other evidence of the claim, to the extent not attached to the filed proof of claim, upon which the claimant will rely in opposing the Objection;

e. the address(es) to which the Trustee must return any reply to the Response, if different from that presented in the claim; and

f. the name, address, and telephone number of the person (which may be the claimant or a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that any response must be **filed** with the Clerk of the Court at the U.S. Bankruptcy Court, Dirksen Federal Building, 219 S. Dearborn St., Room 710, Chicago, IL 60604 (or through the Court's electronic filing service if you have retained an attorney) by **September 16, 2021**, and served by such date on counsel to the Trustee, Cozen O'Connor, 123 North Wacker Drive, Suite 1800, Chicago, Illinois 60606, Attn: Allen J. Guon, Esq.

|  |  |
|---|---|
|  | Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC |
| Dated: August 23, 2021 | By: /s/ Allen J. Guon<br>One of his attorneys |

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |

**TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN OVERSTATED, MISCLASSIFIED, TARDILY FILED AND NO LIABILITY CLAIMS**

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC, hereby files this sixth omnibus objection ("Objection") to those claims (collectively, the "Disputed Claims") listed on **Exhibit A (Overstated and Misclassified Claims), Exhibit B (Tardily Filed Claim) and Exhibit C (No Liability Claim)**, and requests the entry of an order, substantially in the form attached hereto (the "Proposed Order"), granting the relief requested herein. In support of this Objection, the Trustee respectfully states as follows:

**Jurisdiction**

1.  On August 6, 2019 (the "Petition Date"), Pipeline – Westlake Hospital, LLC ("Westlake") and Westlake Property Holdings, LLC ("Holdings," and together with Westlake, the "Debtors") filed bankruptcy petitions under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), designated as Case Nos. 19-11756 and 19-11757, respectively (collectively, the "Cases").

2.  On August 13, 2019, the Delaware Court entered orders transferring the Cases to Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court") [*See* Bankr. DE Case No. 19-11756, Dkt. No. 59; Bankr. DE Case No. 19-11757, Dkt. No. 57].

3.　On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as the successor chapter 7 trustee of the Debtors' bankruptcy estates (the "Estates" and each an "Estate").

4.　On August 26, 2019, the Court approved the joint administration of the Cases for procedural purposes only.

5.　The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6.　On October 4, 2019, the Clerk of the Bankruptcy Court served the Notice Fixing Time For Filing Claims (the "Bar Date Notices") on all of the Debtors' creditors in these Cases [Case No. 19-22878; ECF No. 90; Case No. 19-22881; ECF No. 43]. Pursuant to the Bar Date Notices, **January 6, 2020** was fixed as the last day for the filing of prepetition claims by creditors other than governmental units (as defined in 11 U.S.C. § 101(27)) and **February 3, 2020** was fixed as the last day for the filing of prepetition claims by governmental units.

7.　On May 14, 2020, the Court entered an order fixing July 15, 2020 as the last date for all persons or entities to file requests for payment of administrative expenses of the kind arising under 11 U.S.C. §§ 503(b) and 507(a)(2), which were incurred on or after the Petition Date through and including April 2, 2020.

8.　As of the filing of this motion, 228 proofs of claim (the "Proofs of Claim") have been filed, asserting over $53.3 million in prepetition claims against the Estate. In addition, approximately 35 administrative expense requests have been filed asserting an as of yet unquantified amount of administrative expenses purportedly entitled to priority under sections §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

9. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by the Clerk of the Bankruptcy Court for the Northern District of Illinois (the "Clerk").

### Relief Requested

10. By this Objection, the Trustee (a) objects to the Disputed Claims and (b) requests entry of an order pursuant to section 502 of the Bankruptcy Code and Rules 3001, 3007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). For the reasons set forth below, the Trustee respectfully requests that the Court enter an order, in substantially the form of the Proposed Order attached hereto (a) modifying the Overstated and Misclassified Claims listed on **Exhibit A**, (b) modifying the Tardily Filed Claim listed on **Exhibit B**, and (c) disallowing the No Liability Claim listed on **Exhibit C**, and (c) granting such other and further relief as the Court deems just and proper.

### Basis for Objection

11. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

12. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Pringle Engineering and Mfg., Co.*, 164 F.2d 299, 302 (7th Cir. 1947); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Carlson*, 126 F.3d 915, 921-22

(7th Cir. 1997). A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.*

### A.    Overstated and Misclassified Claims

13.    After reconciling each of the Claims listed on **Exhibit A** and any supporting exhibits or materials against Westlake's books and records, which the Trustee understands were maintained in the ordinary course of business, the Trustee has identified and listed on **Exhibit A** the Disputed Claims that were each filed in an incorrect amount (the "Overstated Claims") and/or filed in an incorrect classification under the Bankruptcy Code (the "Misclassified Claims").

14.    Section 507 of the Bankruptcy Code sets forth ten categories of claims that are entitled to priority treatment. 11 U.S.C. § 502(a). Statutory priorities in bankruptcy are narrowly construed because "the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among the creditors in the prescribed order of priority as Congress has legislated." *In re Vanhook*, 426 B.R. 296, 299 (Bankr. N.D. Ill. 2010) (citing *Joint Indus. Bd. of Elec. Indus. v. United States*, 391 U.S. 224, 228 (1968)).

15.    Each claimant asserting an Overstated Claim (a) asserted amounts that are higher than the liability reflected on Westlake's books and records and/or (b) asserted charges, fees, interest, or other amounts to which the claimant is not entitled under contract or applicable law. Through his objections to the Overstated Claims, the Trustee seeks to reduce such claims to the amounts ascertainable from Westlake's books and records.

16. Each claimant asserting a Misclassified Claim asserted a priority status under § 507(a)(2) of the Bankruptcy Code to which they are not entitled.

17. Each of the Overstated Claims and Misclassified Claims should be modified by reducing the amount of each Overstated Claim and reclassifying each Misclassified Claim to the respective dollar value and classification listed under the column titled "Modified Claim Amount/Classification" in **Exhibit A**. Failure to modify the Overstated Claims and Misclassified Claims will result in each such claimant receiving an excessive recovery against Westlake's Estate to the detriment of other creditors.

18. Accordingly, pursuant to § 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee (a) objects to the allowance of the Overstated Claims and Misclassified Claims, and (b) seeks entry of the Proposed Order (i) reducing the amount of the Overstated Claims and (ii) reclassifying the priority of the Misclassified Claims, each as listed on **Exhibit A** in the column entitled "Modified Claim Amount/Classification."

   **B.  Tardily Filed Claim**

19. The Trustee objects to one claim as having been filed after the applicable claim bar date (the "Tardily Filed Claims") as provided in the Bar Date Notices. The Tardily Filed Claim should be treated as tardily filed general unsecured claims as required under section 726(a)(3) of the Bankruptcy Code.

20. Section 726 of the Bankruptcy Code establishes the order of distribution of property in chapter 7 cases. In particular, section 726(a)(3) of the Bankruptcy Code provides in pertinent part, that property of the estate "shall be distributed . . . third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) . . ." 11 U.S.C. §

726(a)(3). Pursuant to section 726(a)(3) of the Bankruptcy Code, tardily filed customer claims should be treated as general unsecured creditors and accorded third priority distribution.

21. The claim set forth on **Exhibit B** is the Tardily Filed Claim that was filed after the bar date set for general creditors (i.e., January 6, 2020) as reflected in the Bar Date Notices. The Trustee reserves his right to object to the Tardily Filed Claim on any other applicable grounds, including that the Tardily Filed Claim is overstated or other grounds set forth in the Trustee's subsequent omnibus objections.

22. Accordingly, pursuant to sections 502(b) and 726(a)(3) of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee (a) objects to the Tardily Filed Claim and (b) seeks entry of the Proposed Order reclassifying the Tardily Filed Claim as tardily filed general unsecured claims accorded third priority under section § 726(a)(3) of the Bankruptcy Code.

C. **No Liability Claim**

23. Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

24. The Trustee has identified a Disputed Claim, listed on **Exhibit C**, that the Trustee is unable to reconcile with Westlake's books and records (the "No Liability Claim"). The Trustee believes that the No Liability Claim is not valid claims because: (a) Westlake's books and records do not reflect the existence of the asserted claim or of the claimant asserting such claim; (b) the service was not provided to Westlake, or is the legal responsibility of a third party; (c) the claim is not enforceable against Westlake or the its property under any agreement or applicable law; or (d) the claimant waived, released, or is estopped from asserting the claim against Westlake's Estate.

25. Based on information provided to the Trustee regarding Westlake's books and records, the Claims Register, and the Proof of Claim and any supporting documentation, the No Liability Claim is not enforceable under any applicable law or agreement within the meaning of § 502(b)(1) of the Bankruptcy Code and, therefore, Westlake's Estate is not liable for such Claim.

26. Accordingly, pursuant to § 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee (a) objects to the No Liability Claim and (b) seeks entry of the Proposed Order disallowing the No Liability Claim in its entirety.

### Separate Contested Matters

27. To the extent that a response is filed regarding any Disputed Claim and the Trustee and claimant are unable to resolve the response, each such Disputed Claim, and the objection by the Trustee to each such Disputed Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

### Responses to Objection

28. On December 17, 2020, this Court granted the *Order Granting Trustee's Motion to Authorize Omnibus Objections to Claims and Approve Claim Objection Response Procedures* (the "Procedures Order") [ECF No. 343.] As set forth in the Procedures Order and in each Notice of this Objection sent to holders of Disputed Claims to contest this Objection, each holder of a Disputed Claim must file and serve a written response to this Objection (each, a "Response") so that it is received no later than September 16, 2021 (the "Response Deadline").

29. Every Response to this Objection must contain, at a minimum, the following information:

  a. a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title "Response of [Claimant Name] to Claim Objection;"

  b. the name of the claimant and description of the basis for the amount of the claim;

  c. a concise statement setting forth the reasons why the claim should not be disallowed or modified as set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

  d. a copy of all documentation or other evidence of the claim, to the extent not attached to the filed proof of claim, upon which the claimant will rely in opposing the Objection;

  e. the address(es) to which the Trustee must return any reply to the Response, if different from that presented in the claim; and

  f. the name, address, and telephone number of the person (which may be the claimant or a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

30. If a claimant fails to file and serve a timely Response by the Response Deadline, the Trustee shall present the Proposed Order to the Court granting the relief requested herein without further notice or a hearing.

### Replies to Responses

31. The Trustee may, at his option, file and serve a reply to a claimant's Response no later than September 20, 2021 or, to the extent the hearing on this Objection, or any portion thereof, is adjourned, by no later than one (1) day prior to the day of the adjourned hearing.

### Reservation of Rights

32. The Trustee hereby reserves the right to object in the future to any of the Disputed Claims listed in this Objection or in the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended or

LEGAL\53843739\1  8

newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

33. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Trustee may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise any right of setoff against the holders of such claims relating to such avoidance actions.

### Notice

34. The Trustee has provided notice of this Objection in accordance with Bankruptcy Rule 3007 and the *Order Granting Trustee's Motion to Authorize Omnibus Objections to Claims and Approve Claim Objection Response Procedures*. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an order, substantially in the form the Proposed Order attached hereto, granting the relief requested herein, and granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC |
| Dated: August 23, 2021 | By:  /s/ Allen J. Guon<br>         One of his attorneys |

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

LEGAL\53843739\1                    9

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>WESTLAKE PROPERTY HOLDINGS, LLC, et al.,<br><br>Debtor(s) | Case Number: 19-22878<br>(Jointly Administered)<br>Chapter: 7<br>Honorable Deborah L. Thorne |

### ORDER GRANTING TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN OVERSTATED, MISCLASSIFIED, TARDILY FILED AND NO LIABILITY CLAIMS

Upon the Sixth Omnibus Objection ("Objection") to Certain Overstated, Misclassified, Tardily Filed and No Liability Claims for entry of an order disallowing or modifying the Disputed Claims as applicable (capitalized terms not defined herein shall have the meaning ascribed to them in the Objection); it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that notice of the Objection and the opportunity for a hearing on the Objection were appropriate under the particular circumstances and that no other or further notice need be given; the Court having considered the Objection, the Disputed Claims listed on Exhibits A, B and C attached hereto and incorporated by reference herein, and any responses thereto; upon the record of the hearing to consider the Objection; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Overstated Claims and Misclassified Claims listed on Exhibit A to this Order are reduced and modified to the amount and classification set forth in the column entitled "Modified Claim Amount/ Classification."

2. The Tardily Filed Claim listed on Exhibit B to this Order is reclassified as tardily filed, general unsecured claim entitled to third priority distribution under 11 U.S.C. § 726(a)(3).

3. The No Liability Claim listed on Exhibit C to this Order is disallowed in its entirety.

4. The Trustee's right to (a) amend, modify or supplement the Objection, (b) file additional objections to the claims or any other claims (filed or not) which may be asserted against the Estates and/ or (c) seek further reduction of any claim to the extent such claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Trustee's right to object on other stated grounds or on any other grounds that the Trustee discovers during the pendency of this case is further preserved.

5. Each Disputed Claim and the objection by the Trustee to such Disputed Claim, as addressed in the Objection and as set forth in Exhibits A, B and C constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any claimants whose Disputed Claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6. The Trustee and the Clerk of the Bankruptcy Court are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement or interpretation of this Order.

Enter:

Honorable Deborah L. Thorne

Dated:  United States Bankruptcy Judge

Prepared by:
Allen J. Guon
Cozen O'Connor
123 Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-4450

**EXHIBIT A**
**WESTLAKE PROPERTY HOLDINGS, LLC**
**CASE NO. 19-22878**

**OVERSTATED AND MISCLASSIFIED CLASS CLAIMS**

| No. | Claimant | Claim Filed In Case | Claim No. | Applicable Bar Date | Date Filed | Filed Claim Amount | Filed Claim Classification | Modified Claim Amount/ Classification | Reason For Modification |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **Abbott Diagnostics Division of Abbott Laboratories Inc. Kohner, Mann & Kailas, S.C. c/o Eric R. von Helms 4650 North Port Washington Road Milwaukee, WI 53212** | Pipeline-Westlake Hospital, LLC (19-22881) | 29-1 | 1/6/2020 | 10/11/2019 | $61,445.90 | $20,425.29 admin per 11 U.S.C. §507(a)(2); $41,020.61 Unsecured | $28,412.67 Unsecured | Claimant is not entitled to administrative status under the Bankruptcy Code. Claim also reflects $2,455.73 in charges for services allegedly provided after the hospital was closed. No documentation providng proof of delivery of goods within 20 days of petition date. |
| 2 | **Airgas USA, LLC Attn: Nancy Dill 6055 Rockside Woods Blvd. Independence, OH 44131** | Pipeline-Westlake Hospital, LLC (19-22881) | 59-1 | 1/6/2020 | 11/13/2019 | $17,962.34 | Unsecured | $16,233.95 | The claimant's claim is overstated based on the Debtor's books and records. |
| 3 | **De Lage Landen Financial Services, Inc. Attn.: Tom Hartzel 1111 Old Eagle School Road Wayne, PA 19087** | Pipeline-Westlake Hospital, LLC (19-22881) | 40-1 | 1/6/2020 | 10/21/2019 | $52,566.00 | Unsecured | $36,793.20 | The claimant's claim is overstated based on the Debtor's books and records. |
| 4 | **Eshaghy, MD, Behrooz 1613 Midwest Club Pky Oak Brook, IL 60523-2584 caeshaghy@aol.com** | Pipeline-Westlake Hospital, LLC (19-22881) | 121-1 | 1/6/2020 | 1/4/2020 | $40,750.00 | Unsecured | $1,023.09 | The claimant's claim is overstated based on the Debtor's books and records. The proof of claim does not include supporting documentation. |
| 5 | **First Point Mechanical Services, LLC Attn.: CJ Folden, President 1625 Winnetka Circle Rolling Meadows, IL 60008** | Pipeline-Westlake Hospital, LLC (19-22881) | 205-1 | 1/6/2020 | 1/29/2020 | $61,311.67 | Unsecured | $60,347.67 | The claimant's claim is overstated based on the Debtor's books and records. (The claimant filed the proof of claim after the applicable bar date and is also identified as a Tardily Filed Claim in Exhibit B.) |
| 6 | **GE Precision Healthcare LLC aka GE Healthcare Diagnostic Imaging c/o Michael Bach, Authorized Agent 25 Whitney Drive, Suite 106 Milford, OH 45150** | Pipeline-Westlake Hospital, LLC (19-22881) | 6-2 | 1/6/2020 | 12/23/2019 | $212,858.10 | Unsecured | $197,491.60 | The claimant's claim is overstated based on the Debtor's books and records. |

EXHIBIT B
WESTLAKE PROPERTY HOLDINGS, LLC
CASE NO. 19-22878

TARDILY FILED CLAIMS

| No. | Claimant | Claim Filed In Case | Claim No. | Applicable Bar Date | Date Filed | Filed Amount | Filed Classification | Modified Classification | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **First Point Mechanical Services, LLC**<br>**Attn.: CJ Folden, President**<br>**1625 Winnetka Circle**<br>**Rolling Meadows, IL 60008** | Pipeline-Westlake Hospital, LLC (19-22881) | 205-1 | 1/6/2020 | 1/29/2020 | $61,311.67 | Unsecured | Tardily filed under 11 U.S.C. § 726 (a)(3) | Claim filed after applicable bar date. (The claim is also overstated as identified in Exhibit A.) |

**EXHIBIT C**
**WESTLAKE PROPERTY HOLDINGS, LLC**
**CASE NO. 19-22878**

**NO LIABILITY CLAIMS**

| No. | Claimant | Claim Filed In Case | Claim No. | Appliable Bar Date | Dated Filed | Filed Amount | Filed Claim Class | Modified | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| 1 | United Healthcare Insurance Company<br>185 Asylum St.<br>03B<br>Hartford, CT 06103 | Pipeline-Westlake Hospital, LLC (19-22881) | 1-2 | 1/6/2020 | 9/3/2019 | $15,933.92 | Unsecured | Disallow | No Liability. The Debtor's books and records reflect no amount due. The proof of claim does not include supporting documentation. |