# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, *et al.*, | ) ) | Case No. 19-22878 (Jointly Administered) |
| Debtors. | ) ) | Hon. Deborah L. Thorne |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **March 10, 2022 at 9:00 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present **Trustee's Motion For An Order Approving The Settlement With The Pipeline And Tenet Entities,** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

|  |  |
|---|---|
|  | Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Pipeline – Westlake Hospital, LLC |
| Dated: February 3, 2022 | By: /s/ Allen J. Guon<br>One of his attorneys |

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a true copy of **Trustee's Motion For An Order Approving The Settlement With The Pipeline And Tenet Entities** upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on February 3, 2022.

/s/ Allen J. Guon

# Mailing Information for Case 19-22878

## Electronic Mail Notice List

- Todd Allan Atkinson    todd.atkinson@wbd-us.com
- Terence G Banich    terence.banich@katten.com
- Ira Bodenstein    iratrustee@cozen.com, IL29@ecfcbis.com
- Ira Bodenstein    ibodenstein@cozen.com, ira-bodenstein-9561@ecf.pacerpro.com
- Erin M Buechler    erin.buechler@comed.com
- Marc J Carmel    mcarmel@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;mhdocket@mcdonaldhopkins.com
- Jack J. Carriglio    jcarriglio@cozen.com, lhaslerig@cozen.com;jack-carriglio-4787@ecf.pacerpro.com;adoig@cozen.com
- John T Carroll    jcarroll@cozen.com, pgiordano@cozen.com;jdeeney@cozen.com;john-carroll-2735@ecf.pacerpro.com
- Timothy R Casey    timothy.casey@faegredrinker.com
- Vlad V. Chirica    vchirica@perlandgoodsnyder.com
- Rosanne Ciambrone    rciambrone@duanemorris.com, autodocketchi@duanemorris.com;rpdarke@duanemorris.com;jjohnson3@duanemorris.com
- Scott R Clar    sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com

2

- David E Cohen    dcohen@fishercohen.com
- Jeffrey C Dan    jeffd@goldmclaw.com, teresag@goldmclaw.com
- Riccardo A. DiMonte    rdimonte@robbinsdimonte.com, msabovic@dimontelaw.com
- David R Doyle    daviddoyle@cozen.com, david-doyle-7943@ecf.pacerpro.com
- Danny Duerdoth    duerdothd@gtlaw.com, chilitdock@gtlaw.com; greenbergc@gtlaw.com
- Robert M Fishman    rfishman@cozen.com, robert-fishman-9859@ecf.pacerpro.com
- Amy Galvin-Grogan    mmaher@ghulaw.com, agrogan@gghhlaw.com;awallace@ghulaw.com;toliver@gghhlaw.com
- Donald B Garvey    garvlaw@sbcglobal.net
- Joshua D. Greene    jgreene@springerbrown.com, aoloughlin@springerbrown.com
- Allen J Guon    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- Reed Heiligman    reed@hzhlaw.com, info@hzhlaw.com; 9719@notices.nextchapterbk.com
- Scott E Jensen    sjensen@mjwchicago.com
- Nicollette L Khuans    nicollette.khuans@gmail.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Robert Lynch    robert.lynch2@illinois.gov, boblynchecf@gmail.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com;stibbep@gtlaw.com
- Joe C Pioletti    piolettilaw@piolettilaw.com, piolettijr86177@notify.bestcase.com
- Christina Sanfelippo    csanfelippo@cozen.com, cknez@cozen.com;christina-sanfelippo-5069@ecf.pacerpro.com
- Daniel J Schneider    dschneider@edelson.com, ascharg@edelson.com;docket@edelson.com
- John Simonetti    zotalis@mschicagolaw.com, simonetti@mschicagolaw.com
- Bradley A. Skafish    brad@deutschmanlaw.com, baskafish@gmail.com
- Julia Jensen Smolka    jsmolka@robbinsdimonte.com, jtronina@robbinsdimonte.com;mrussell@dimontelaw.com
- Michele M Springer    mspringer@springerbrown.com
- Thomas E Springer    tspringer@springerbrown.com, IL85@ecfcbis.com;mspringer@springerbrown.com
- Thomas E Springer    tspringer@springerbrown.com, aoloughlin@springerbrown.com;ekarch@springerbrown.com
- Miriam R Stein    mstein@gutnicki.com
- Gregory K Stern    greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Matthew J Stockl    mstockl@foley.com, TDolcourt@foley.com;dnichols@foley.com;egreen@foley.com;docketflow@foley.com
- Andrew D Stosberg    astosberg@middletonlaw.com, mfield@middletonlaw.com;lstrevinsky@middletonlaw.com
- John R Weiss    jrweiss@duanemorris.com, autodocketchi@duanemorris.com;jjohnson3@duanemorris.com
- David A Wender    david.wender@alston.com
- Steven F. Werth    swerth@sulmeyerlaw.com
- Erin A West    ewest@gklaw.com, kboucher@gklaw.com;elewerenz@gklaw.com
- Eric R von Helms    evonhelms@kmksc.com

3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, ) | Case No. 19-22878 |
| *et al*., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Hon. Deborah L. Thorne |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SETTLEMENT**
**WITH THE PIPELINE AND TENET ENTITIES**

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC, pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 2002(a)(3), 9007 and 9019(a), moves for the entry of an order approving the compromise and settlement reflected in the *Settlement Agreement* (the "Settlement Agreement," attached hereto and incorporated by reference as **Exhibit 1**) between the Trustee, Pipeline Health System, LLC and other entities (collectively, the "Pipeline Entities"), and Tenet Business Services Corporation and its affiliates (collectively, the "Tenet Entities"). In support of the motion, the Trustee states as follows:

## I. INTRODUCTION

1. This settlement, along with the resolution of the employee class wage act claim, represents the cornerstone of the Trustee's efforts to maximize recoveries and expedite distributions to the creditors of these bankruptcy cases. In sum, the proposed settlement provides for the payment in full of all allowed unsecured, priority and administrative claims filed as of December 31, 2021 in both bankruptcy estates other than those of the Tenet and Pipeline Entities. The remaining funds of the estates will be allocated between the Pipeline Entities and Tenet Entities. After extensive negotiations, the Trustee submits that the proposed settlement constitutes

the best opportunity under existing circumstances to allow creditors to be paid in full (without interest) on an expedited basis. Accordingly, the settlement should be approved.

## II. JURISDICTION

2. On August 6, 2019 (the "Petition Date"), Westlake Property Holdings, LLC ("Holdings") and Pipeline – Westlake Hospital, LLC ("Westlake," and together with Holdings, the "Debtors") filed bankruptcy petitions under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), designated as Case Nos. 19-11756 and 19-11757, respectively (collectively, the "Cases").

3. On August 13, 2019, the Delaware Court entered the *Order Granting Motion of the United States Trustee to Transfer Venue to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division* [Case No. 19-11756, ECF No. 59; Case No. 19-11757, ECF No. 57] (the "Transfer Orders") in each of the Cases. Pursuant to the Transfer Orders, the Delaware Court transferred the Cases to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

4. On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as the successor chapter 7 trustee of the Debtors' bankruptcy estates (each an "Estate" and collectively, the "Estates").

5. On August 26, 2019, the Court approved the joint administration of the Cases for procedural purposes only.

6. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2

### III. BACKGROUND

A.  **The Debtors' Acquisition of the Westlake Hospital**

7.  On or about December 31, 2018, SRC Hospital Investments II, LLC ("SRC") and Tenet Business Services Corporation ("Tenet"), along with certain other sellers named therein (collectively, the "Sellers"), entered into that certain Amended and Restated Asset Agreement (the "Acquisition Agreement").

8.  Pursuant to the terms of the Acquisition Agreement, SRC acquired from Sellers certain real property and other assets owned and used by Sellers in connection with the operation of Louis A. Weiss Memorial Hospital, West Suburban Hospital, Westlake Hospital and other businesses related thereto. The sale closed on January 28, 2019.

9.  SRC organized the Debtors to own and operate the Westlake Hospital located at 1225 West Lake Street, Melrose Park, Illinois (the "Hospital"), the adjoining medical office building located at 1111 West Superior Street, Melrose Park, Illinois (the "MOB"), and the warehouses located at 917-921 Main Street, Melrose Park, Illinois (the "Warehouses," and together with the Hospital, the MOB and certain other real property and improvements thereon in the surrounding area, the "Real Property").

10. Holdings is the owner of the Real Property and the personal property used in connection with the Hospital and the MOB. Westlake is the entity that operated the Hospital.

11. As of August 14, 2019, the Hospital ceased to provide healthcare services to patients.

B.  **The Claims Filed by the Pipeline Entities**

12. The Pipeline Entities filed the following proofs of claim and administrative expense requests against the Estates (collectively, the "Pipeline Proofs of Claim"):

| Pipeline Entities | Claim No. | Estate | Date Filed | Admin. Expense | General Unsecured |
|---|---|---|---|---|---|
| SRC, Weiss Memorial, WSMC | ECF 61 | Both | 7/14/2020 | $2,382,410.36 | $0.00 |
| SRC, Weiss Memorial, WSMC | ECF 243 | Both | 7/14/2020 | $2,382,410.36 | $0.00 |
| WSMC | 47-1 | Holdings | 1/6/2020 | $125,000.00 | $0.00 |
| Weiss Memorial | 46-1 | Holdings | 1/6/2020 | Unliquidated | $9,180,425.03 |
| Weiss Memorial | 132-1 | Westlake | 1/6/2020 | Unliquidated | $9,180,425.03 |
| WSMC | 131-1 | Westlake | 1/6/2020 | $125,000.00 | $0.00 |
| PHS | 130-1 | Westlake | 1/6/2020 | Unliquidated | Unliquidated |

C.  **The Claim Filed by the Tenet Entities (VHS of Illinois, Inc.)**

13. The Real Property is encumbered by that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (the "Mortgage") executed by Holdings to secure the indebtedness evidenced by a Senior Secured Promissory Note (the "Seller Note") in favor of VHS of Illinois, Inc. ("VHS") in the original principal amount of $10 million. The Seller Note purportedly represents a portion of the consideration payable for the purchase of the Real Property and substantially all of the personal property of the healthcare business operated at the Real Property. The maturity date of the Seller Note is January 28, 2022. The Mortgage was recorded on February 1, 2019.

14. Based on the Mortgage and the Acquisition Agreement, VHS filed a secured claim against the Holdings Estate on July 15, 2020 [ECF 253] in the amount of $16,925,073 (the "VHS Proof of Claim").

15. On October 5, 2020, the Court entered orders (the "Sale Orders") approving the sale of the Real Property, and the transaction closed on October 1, 2021. Pursuant to the terms of

4

the Sale Orders, the Trustee has made interim distributions of sale proceeds in the amount of $5,256,496.51 to VHS on account of its asserted secured claim.

**D.      The Employee Wage Related Claims**

16.     On or about January 6, 2020, Anna Marie-Falcone ("Falcone"), individually and on behalf of those similarly situated employees, filed a proposed class proof of claim [Claim No. 127] against the Westlake Estate based upon the Worker Adjustment Retaining and Notification Act, 29 U.S.C. §§ 2201, et seq. and/or the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS 65/1 et seq. (collectively, the "WARN Claims") and sought compensation for accrued paid time off and vacation pay.

17.     On December 2, 2020, Falcone withdrew her WARN Claims with prejudice and retained only that portion of her class claim for accrued paid time off and vacation days as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115 (the "IWPCA"). [Case No 19-22881; ECF No. 69] (the "Class Wage Act Claim"). Contemporaneously with the execution of the Settlement Agreement, the Trustee has also entered into a proposed settlement resolving the Class Wage Act Claim (the "Class Wage Act Claim Settlement"), which is also subject to Court approval.  The Class Wage Act Claim Settlement is contingent on the Court approving the settlement proposed in this motion.

18.     Falcone and other former employees of the Debtors also brought a lawsuit against Pipeline Health System, LLC ("PHS") asserting WARN Claims and claims under the IWCPA, which claims mirror those of Falcone set forth above, pending as Case No. 19-cv-06089 in the United States District Court for the Northern District of Illinois (the "District Court"). Falcone and PHS have entered into a proposed settlement resolving that lawsuit, which is contingent on the

5

consummation of the Settlement Agreement sought to be approved in this motion and is subject to District Court approval.

**E.     The Trustee's Claims against the Pipeline Entities and the Tenet Entities**

19.     The Trustee has asserted that the Estates have (i) claims against the Pipeline Entities and the Tenet Entities under applicable federal and state law including, but not limited to, claims arising under chapter 5 of the Bankruptcy Code in connection with the transactions undertaken pursuant to the Acquisition Agreement and the operation and shutdown of the Hospital and (ii) objections to the Pipeline Proofs of Claim and the VHS Proof of Claim.

20.     The Trustee, the Pipeline Entities and the Tenet Entities recognize that continued litigation between the parties would be time consuming and costly. After months of good faith, arms'-length negotiations, the parties, with the assistance of counsel, ultimately reached an agreement regarding the resolution of the Trustee's claims, the Pipeline Proofs of Claim and the VHS Proof of Claim, subject to the Court's approval.

### IV.     THE PROPOSED SETTLEMENT

21.     The following is a summary of the salient terms of the Settlement Agreement:[1]

- **The Pipeline Proofs of Claim**. The Pipeline Proofs of Claim shall be allowed as follows: (i) the administrative claim filed by SRC, Weiss Memorial, and WSMC in Case No. 19-22881 [ECF No. 61] will be reclassified and allowed as a subordinated general unsecured claim in favor of SRC and against the Westlake Estate in the amount of $2,382,410.36 (the "Allowed SRC Subordinated Claim") and (ii) the general unsecured claim filed by Weiss Memorial in Case No. 19-22881 [Claim No. 132-1] will be reclassified and allowed as a subordinated general unsecured claim in favor of Weiss Memorial and against the Westlake Estate in the amount of $9,180,425.03 (the "Allowed Weiss Memorial Subordinated Claim," together with the Allowed SRC Subordinated Claim, the "Allowed Pipeline Subordinated Claims"). All other

---

[1] This motion merely summarizes the terms of the Settlement Agreement. The Trustee refers the Court and all parties to the Settlement Agreement for its complete terms and conditions. Capitalized terms used but not otherwise defined in this summary shall have the meaning ascribed to them in the Settlement Agreement.

Pipeline Proofs of Claim, and any other proofs of claim or administrative expense requests filed or asserted by any of the Pipeline Entities in the Cases against the Debtors or their Estates, are disallowed in their entirety. The Allowed Pipeline Subordinated Claims will be fully subordinated for the purposes of distribution to all other allowed claims filed against the Westlake Estate prior to December 31, 2021 ("<u>Allowed Non-Subordinated Westlake Claims</u>"). For the avoidance of any doubt, the Pipeline Entities will not be entitled to any distributions from the Debtors or their Estates except as expressly set forth in the Settlement Agreement.

- **The Tenet Proof of Claim**. The VHS Proof of Claim will be allowed as a secured claim in the amount of $5,270,277.16 (the "<u>Allowed VHS Secured Claim</u>") and a subordinated general unsecured claim against the Holdings Estate in the amount of $11,654,795.80 (the "<u>Allowed VHS Subordinated Claim</u>"). VHS acknowledges that it has already received a distribution from the Holdings Estate in the amount of $5,256,496.51 on account of the Allowed VHS Secured Claim. The Allowed VHS Subordinated Claim will be fully subordinated for the purposes of distribution to all other allowed claims filed against the Holdings Estate prior to December 31, 2021 (the "<u>Allowed Non-Subordinated Holdings Claims</u>," and together with the Allowed Non-Subordinated Westlake Claims, the "<u>Allowed Non-Subordinated Prepetition Claims</u>"). All other proofs of claim or administrative expense requests filed or asserted by any of the Tenet Entities in the Cases against the Debtors or their Estates will be disallowed in their entirety. For the avoidance of any doubt, the Tenet Entities will not be entitled to any distributions from the Debtors or their Estates except as expressly set forth in the Settlement Agreement.

- **Distributions to the Pipeline and Tenet Entities**. Within five business days after the Effective Date (defined below), the Trustee will pay the remaining balance of the Allowed VHS Secured Claim (i.e., $13,780.65) in full. After all Allowed Non-Subordinated Prepetition Claims and administrative expenses against the Estates are paid, reserved for or otherwise disposed of (without interest) pursuant to Orders of the Court and §§ 725 and 726 of the Bankruptcy Code (including but not limited to all compensation and expense reimbursement authorized under §§ 326, 328, 330 and 331 of the Bankruptcy Code), the remaining funds in both Estates will be pooled together (the "<u>Remaining Funds</u>") and distributions on account of the Allowed VHS Subordinated Claim and the Allowed Pipeline Subordinated Claims will be paid as follows: (i) fifty-five percent (55%) of the Remaining Funds will be disbursed to VHS and (ii) forty-five percent (45%) of the Remaining Funds will be disbursed to SRC. The order approving the Settlement Agrement will authorize the Trustee to transfer funds between the Estates as necessary to make the distributions authorized in the Settlement Agreement. The Trustee makes no representations or warranties regarding the amount of Remaining Funds that will be available for distribution.

- **Release by the Trustee and Covenant Not to Sue**. Subject to the rights and obligations arising under the Settlement Agreement (specifically including the

7

preservation of the claims allowed under the Settlement Agreement), the Trustee, on behalf of the Debtors and their Estates (collectively, the "Trustee Releasing Parties"): hereby forever releases, remises, and discharges the Pipeline Entities and the Tenet Entities and their respective predecessors, successors, assigns, agents, employees, officers, directors, attorneys and contractors (collectively, the "Pipeline/Tenet Released Parties"), from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether known or unknown, disclosed or concealed, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise, whether in law, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, from the beginning of time to the Effective Date of the Settlement Agreement (collectively, the "Trustee Released Claims"). The Trustee Releasing Parties covenant not to sue any of the Pipeline Tenet Released Parties on account of any Trustee Released Claims.

- **Release by the Pipeline and Tenet Entities and Covenant Not to Sue**. Subject to the rights and obligations arising under the Settlement Agreement (specifically including the preservation of the claims allowed under the Settlement Agreement), the Pipeline Entities and the Tenet Entities and each of their respective predecessors, successors, agents, assigns, agents, employees, officers, directors, attorneys and contractors (collectively, the "Pipeline/Tenet Releasing Parties"): hereby forever release, remise, and discharge the Trustee, the Debtors, the Estates and the Trustee's attorneys, consultants, employees and agents (collectively, the "Trustee Released Parties"), from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether known or unknown, disclosed or concealed, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise, whether in law, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, from the beginning of time to the Effective Date of the Settlement Agreement (collectively, the "Pipeline/Tenet Released Claims"). The Pipeline/Tenet Releasing Parties covenant not to sue any of the Trustee Released Parties on account of any Pipeline/Tenet Released Claims.

- **Limitation of Releases between the Pipeline and Tenet Entities**. The purpose of the release provisions set forth above is to generally release any claims by and among the Trustee, the Debtors and the Estates, on the one hand, and the Pipeline Entities and the Tenet Entities on the other hand. For the avoidance of any doubt, nothing contained in the release provisions above releases claims between the Pipeline Entities and the Tenet Entities. The Tenet Entities and the Pipeline Entities each agree that the Settlement Agreement does not constitute

8

a concession or waiver on the part of any of the Parties as to the merits of any claims in any other litigation or dispute. Further, the Pipeline Entities and the Tenet Entities agree that nothing in the Settlement Agreement will have any issue preclusive or claim preclusive effect in any other litigation or dispute. Notwithstanding anything herein to the contrary, the Tenet Entities agree that they will deduct the dollar amount that they receive under the Settlement Agreement from the amounts they will or have claimed against the Pipeline Entities in other disputes relating to their claims under the Acquisition Agreement.

- **Effective Date**. The effective date of the Settlement Agreement will be the date on which all of the following will have occurred: (i) each of the Parties has executed the Settlement Agreement, (ii) the Court has entered an order approving the Class Wage Act Claim Settlement and such Order becomes a Final Order, and (iii) the entry of a Final Order approving the Settlement Agreement (the "Effective Date").

## V. RELIEF REQUESTED

22. By this motion, Trustee seeks the entry of an order approving and authorizing him to enter into and take all actions contemplated by the Settlement Agreement pursuant to § 363(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a). The Trustee has concluded that the Settlement Agreement, which was the result of arms'-length negotiations conducted in good faith, is fair in all respects and represents a favorable resolution in a manner that is in the best interests of the Estates and their respective creditors.

## VI. BASIS FOR RELIEF

23. This Court has the authority to grant the relief requested in this motion pursuant to 11 U.S.C. § 363(b) and Fed. R. Civ. P. 9019(a). Section 363(b) of the Bankruptcy Code provides that a trustee "may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The settlement of claims involves the use of estate property outside the ordinary course of business and requires court approval under § 363(b). *In re Resource Technology Corp.*, 356 B.R. 435, 444 (Bankr. N.D. Ill. 2007); *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 551 (Bankr. N.D. Ill. 1994) ("The settlement of a cause of action held by the estate

9

is plainly the equivalent of a sale of that claim."). Fed. R. Bankr. P. 9019(a) authorizes the court, after a hearing on such notice as the court directs, to approve a compromise or a settlement. Fed. R. Bankr. P. 9019(a).

24. The use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when "the transaction makes good business sense" and "preserves the priorities among creditors." *See, e.g., United Retired Pilots Benefits Protection Assn. v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [under § 363(b)(1) is] whether the transaction makes good business sense and does not disturb creditors' rights"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

25. Prior to approving a settlement under Fed. R. Bankr. P. 9019(a), a court must determine whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, a court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Among the factors that the Court should consider in its analysis are the litigation's (i) probability of success, (ii) complexity, (iii) attendant expense, inconvenience and delay (including the possibility that disapproving the settlement will cause wasting of assets). *See, e.g., Doctors Hosp.*, 474 F.3d at 426; *Energy Co-op.*, 886 F.2d at 927.

26. Based on the foregoing analysis, the Court must determine whether the settlement falls within the reasonable range of possible litigation outcomes. *Doctors Hosp.*, 474 F.3d at 426. Since litigation outcomes cannot be precisely determined, the Trustee's decision should not be

10

disturbed unless the settlement "fall[s] below the lowest point in the range of reasonableness." *See, e.g., Energy Co-op.*, 886 F.2d at 929; *In re Commercial Loan Corp.*, 316 B.R. 690, 698 (Bankr. N.D. Ill. 2004). The approval of a settlement is committed to the sound discretion of the bankruptcy court. *Commercial Loan Corp.*, 316 B.R. at 698 (<u>citing</u> *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992)).

27. The proposed compromise embodied in the Settlement Agreement meets all of the above criteria. This settlement provides for the payment in full of all claimants that filed claims against the Estates prior to December 31, 2021. The only creditors that will not be paid in full are the Pipeline Entities and the Tenet Entities, which have agreed to subordinate their claims (whether secured, unsecured, priority or administrative) to all other creditors without the need for costly litigation. This settlement is clearly the best possible outcome for all creditors of these Estates.

28. Based on the foregoing, the Trustee respectfully submits that the proposed compromise reflected in the Settlement Agreement is a fair and equitable settlement, and should be approved by the Court as being in the best interests of the Estates and their respective creditors.

## VII.  **NOTICE**

29. Notice of this Motion has been given to: (a) to those parties requesting notice in these Cases; (b) the United States Trustee; (c) counsel for the Tenet Entities; and (d) counsel for the Pipeline Entities. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

## VIII.  **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) approving the Settlement Agreement attached as **Exhibit 1**; (ii) authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlement Agreement; (iii) providing that the Court

11

retain jurisdiction to enforce the Settlement Agreement; and (iv) granting such other and further relief as is just and appropriate.

                Respectfully submitted,

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC

Dated: February 3, 2022

By:   /s/ Allen J. Guon
       One of his attorneys

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

12