## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |

## NOTICE OF AMENDED MOTION AND EXHIBIT

TO:     See Attached Service List

**PLEASE TAKE NOTICE** that on **March 3, 2022 at 9:00 a.m.,** I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present **Trustee's AMENDED Fifth Omnibus Motion for an Order Approving Settlements of Certain Avoidance Claims with AMENDED EXHIBIT "A",** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-8287666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Pipeline – Westlake Hospital, LLC

Dated: February 10, 2022

By:   /s/ Thomas E. Springer
      One of his attorneys

Thomas E. Springer
Joshua D. Greene
SPRINGER LARSEN GREENE, LLC
Wheaton Office Center
300 South County Farm Road, Suite G
Wheaton, IL 60187
(630) 510-0000

## <u>CERTIFICATE OF SERVICE</u>

Thomas E. Springer, an attorney, certifies that he caused to be served a true copy of **Trustee's Omnibus Motion for an Order Approving Settlements of Certain Avoidance Claims** upon the Electronic Mail Notice List (unless otherwise indicated) through the ECF System which sent notification of such filing via electronic means on February 16, 2022.

/s/ Thomas E. Springer

# Mailing Information for Case 19-22878

## Electronic Mail Notice List

- Terence G Banich     terence.banich@katten.com
- Ira Bodenstein     iratrustee@cozen.com, IL29@ecfcbis.com
- Ira Bodenstein     ibodenstein@cozen.com, ira-bodenstein-9561@ecf.pacerpro.com
- Erin M Buechler     erin.buechler@comed.com
- Marc J Carmel     mcarmel@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;mhdocket@mcdonaldhopkins.com
- Jack J. Carriglio     jcarriglio@cozen.com, lhaslerig@cozen.com;jack-carriglio-4787@ecf.pacerpro.com;adoig@cozen.com
- John T Carroll     jcarroll@cozen.com, pgiordano@cozen.com;jdeeney@cozen.com;john-carroll-2735@ecf.pacerpro.com
- Timothy R Casey     timothy.casey@faegredrinker.com
- Vlad V. Chirica     vchirica@perlandgoodsnyder.com
- Rosanne Ciambrone     rciambrone@duanemorris.com, autodocketchi@duanemorris.com;rpdarke@duanemorris.com;jjohnson3@duanemorris.com
- Scott R Clar     sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- David E Cohen     dcohen@fishercohen.com
- Jeffrey C Dan     jeffd@goldmclaw.com, teresag@goldmclaw.com
- David R Doyle     daviddoyle@cozen.com, david-doyle-7943@ecf.pacerpro.com
- Danny Duerdoth     duerdothd@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com
- Robert M Fishman     rfishman@cozen.com, robert-fishman-9859@ecf.pacerpro.com
- Amy Galvin-Grogan     mmaher@ghulaw.com, agrogan@gghhlaw.com;awallace@ghulaw.com;toliver@gghhlaw.com
- Donald B Garvey     garvlaw@sbcglobal.net
- Joshua D. Greene     jgreene@springerbrown.com, aoloughlin@springerbrown.com
- Allen J Guon     aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- Scott E Jensen     sjensen@mjwchicago.com
- Nicollette L Khuans     nicollette.khuans@gmail.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Robert Lynch     robert.lynch2@illinois.gov, boblynchecf@gmail.com
- Kevin H Morse     kmorse@clarkhill.com
- Nancy A Peterman     petermann@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com;stibbep@gtlaw.com
- Joe C Pioletti     piolettilaw@piolettilaw.com, piolettijr86177@notify.bestcase.com

- Christina Sanfelippo   csanfelippo@cozen.com, PCarraway-Love@cozen.com;christina-sanfelippo-5069@ecf.pacerpro.com
- Daniel J Schneider   dschneider@edelson.com, ascharg@edelson.com;docket@edelson.com
- John Simonetti   zotalis@mschicagolaw.com, simonetti@mschicagolaw.com
- Bradley A. Skafish   brad@deutschmanlaw.com, baskafish@gmail.com
- Julia Jensen Smolka   jjensen@dimonteandlizak.com, jjarke@dimontelaw.com;mrussell@dimontelaw.com
- Michele M Springer   mspringer@springerbrown.com
- Thomas E Springer   tspringer@springerbrown.com, IL85@ecfcbis.com;mspringer@springerbrown.com
- Thomas E Springer   tspringer@springerbrown.com, aoloughlin@springerbrown.com;ekarch@springerbrown.com
- Gregory K Stern   greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Matthew J Stockl   mstockl@foley.com, TDolcourt@foley.com;dnichols@foley.com;egreen@foley.com;docketflow@foley.com
- John R Weiss   jrweiss@duanemorris.com, autodocketchi@duanemorris.com
- David A Wender   david.wender@alston.com
- Steven F. Werth   swerth@sulmeyerlaw.com
- Eric R von Helms   evonhelms@kmksc.com

## Manual Notice List (Via First-Class U.S. Mail or Via Email)

Counsel for West Health Advocate Solutions, Inc. (21A167)
Andrew Stosberg
Middleton Reutlinger
401 S. Fourth Street
Suite 2600
Louisville, KY 40202

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al.*, | ) | (Jointly Administered) |
| Debtors. | ) | Hon. Deborah L. Thorne |

**TRUSTEE'S AMENDED FIFTH OMNIBUS MOTION FOR AN ORDER APPROVING**
**SETTLEMENTS OF CERTAIN AVOIDANCE CLAIMS**

NOW COMES Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Pipeline – Westlake Hospital, LLC ("Westlake"), pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 2002(a)(3), 9007 and 9019(a), moves for the entry of an order approving settlements of certain avoidance claims (collectively, the "Settlements") with certain Settling Parties (as defined herein) identified on **Exhibit A** to this Motion and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlements. In support of the Motion, the Trustee states as follows:

## I. JURISDICTION

1.    On August 6, 2019 (the "Petition Date"), Westlake and Westlake Property Holdings, LLC (collectively, the "Debtors") filed bankruptcy petitions under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), designated as Case Nos. 19-11756 and 19-11757, respectively (collectively, the "Cases").

2.    On August 13, 2019, the Delaware Court entered the *Order Granting Motion of the United States Trustee to Transfer Venue to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division* [Case No. 19-11756, ECF No. 59; Case No. 19-11757, ECF No. 57] (the "Transfer Orders") in each of the Cases. Pursuant to the Transfer Orders, the Delaware Court transferred the Cases to the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

3.      On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as the successor chapter 7 trustee of the Debtors' bankruptcy estates (collectively, the "Estates").

4.      On August 26, 2019, the Court approved the joint administration of the Cases for procedural purposes only.

5.      This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

## II.      BACKGROUND

6.      In accordance with his duties under the Bankruptcy Code, the Trustee, together with his counsel, has reviewed certain of Westlake's available books and records and investigated the Estates' potential causes of action.

7.      Upon his review, the Trustee determined that Westlake's available books and records indicated that certain entities received transfers of funds or other property from Westlake in the 90 days preceding the commencement of the Case (the "Transfer Recipients") that are allegedly avoidable pursuant to 11 U.S.C. § 547(b) and recoverable pursuant to 11 U.S.C. § 550 (the "Transfers").

8.      In an attempt to recover the Transfers, the Trustee issued certain demands on the Transfer Recipients (the "Avoidance Demands"), which demanded the return of the Transfers made to such Transfer Recipient.

9.      Subsequently, the Trustee filed adversary proceedings (the "Adversary Proceedings") against certain of the Transfer Recipients.

10.      Several of the Transfer Recipients have responded to the Trustee in written form and/or informally via dialogue with counsel to the Trustee, denying liability with respect to the Transfers, and asserting various defenses to the Trustee's ability to avoid and recover the Transfers, including but not limited one or more of the

following: (i) ordinary course of business defenses, (ii) subsequent new value defenses, and/or (iii) contemporaneous exchange for new value defenses. Accordingly, some of the Transfer Recipients, including the Settling Parties (as defined below), have alleged that they have a complete defense to the Transfers sought to be recovered by the Trustee through the Avoidance Demands or the Adversary Proceedings and/or that their net exposure after taking into consideration such defenses is significantly less than the total amount of the Transfers sought to be recovered by the Trustee.

11.    After arms-length negotiations with the Transfer Recipients, in order to avoid the potential costs, risks, and delays of continued litigation, the Trustee has settled, subject to Bankruptcy Court approval, certain of the Avoidance Demands and Adversary Proceedings against five (5) of the Transfer Recipients (the "Settled Matters" with the "Settling Parties").

12.    A list containing the name of each of the Settling Parties, the total Transfers sought to be recovered from each, and the amount paid/to be paid to the Trustee (the "Settlement Amounts") by each in settlement of each of the demands is attached hereto as **AMENDED Exhibit A** and incorporated herein by reference. If the Trustee has filed an Adversary Proceeding against a Settling Party, the settlement includes the dismissal of the applicable Adversary Proceeding with prejudice. The Trustee's releases of the Settling Parties are limited to the Avoidance Demands and other avoidance actions which may have been brought pursuant to chapter 5 of the Bankruptcy Code.  The Exhibit has been so Amended to include a party/Defendant, West Health Advocate Solutions, Inc., ("West Health") who reached settlement with the Trustee however confirmation of the settlement terms was not received until after the Trustee's Fifth Omnibus Motion for Approval herein was filed on 2/10/22. The Trustee respectfully requests addition and inclusion of the settlement with West Health into the Fifth Omnibus Motion for Approval with request to reduce notice of same as reasonable to include date of filing and service of this Amended Notice, Motion and Exhibit to date of presentment of same to the Court.

### III.     RELIEF REQUESTED

13.     By this Motion, the Trustee seeks the entry of an order of this Court approving the Settlements identified on **AMENDED Exhibit A** and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the Settlements, including dismissal of the applicable Adversary Proceedings, and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Settlements. The Trustee has concluded that the Settlements, which were the result of arm's-length negotiations conducted in good faith, are fair in all respects and represent a favorable resolution in a manner that is in the best interests of the Westlake Estate and its creditors.

### IV.     BASIS FOR RELIEF

14.     This Court has the authority to grant the relief requested in this motion pursuant to 11 U.S.C. § 363(b) and Fed. R. Civ. P. 9019(a). Section 363(b) of the Bankruptcy Code provides that a trustee "may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The settlement of claims involves the use of estate property outside the ordinary course of business and requires court approval under § 363(b). *In re Resource Technology Corp.*, 356 B.R. 435, 444 (Bankr. N.D. Ill. 2007); *In re Telesphere Communications, Inc.,* 179 B.R. 544, 551 (Bankr. N.D. Ill. 1994) ("The settlement of a cause of action held by the estate is plainly the equivalent of a sale of that claim."). Fed. R. Bankr. P. 9019(a) authorizes the court, after a hearing on such notice as the court directs, to approve a compromise or a settlement. Fed. R. Bankr. P. 9019(a).

15.     The use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when "the transaction makes good business sense" and "preserves the priorities among creditors." *See, e.g., United Retired Pilots Benefits Protection Assn. v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [under § 363(b)(1) is] whether the transaction makes good business sense and does not disturb creditors' rights"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

16.     Prior to approving a settlement under Fed. R. Bankr. P. 9019(a), a court must determine whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, a court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Among the factors that the Court should consider in its analysis are the litigation's (i) probability of success, (ii) complexity, (iii) attendant expense, inconvenience and delay (including the possibility that disapproving the settlement will cause wasting of assets). *See, e.g., Doctors Hosp.*, 474 F.3d at 426; *Energy Co-op., Inc.*, 886 F.2d at 927.

17.     Based on the foregoing analysis, the Court must determine whether the settlement falls within the reasonable range of possible litigation outcomes. *Doctors Hosp.*, 474 F.3d at 426. Since litigation outcomes cannot be precisely determined, the Trustee's decision should not be disturbed unless the settlement "fall[s] below the lowest point in the range of reasonableness." *See, e.g., Energy Co-op.*, 886 F.2d at 929; *In re Commercial Loan Corp.*, 316 B.R. 690, 698 (Bankr. N.D. Ill. 2004). The approval of a settlement is committed to the sound discretion of the bankruptcy court. *Commercial Loan Corp.*, 316 B.R. 697, 698 (Bankr. N.D. Ill. 2004) <u>citing</u> *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992).

18.     The Settlements and the proposed compromises embodied therein meet all of the above criteria. Without the Settlements, the Estate would face time-consuming and expensive litigation, including but not limited to one or more of the following: (i) proving the prima facie elements of the Avoidance Demands and Adversary Proceedings against the Settling Parties, and/or (ii) continued prosecution of the Adversary Proceedings seeking the avoidance and recovery of the Transfers identified on **<u>AMENDED Exhibit A</u>** from the Settling Parties.

19.     Moreover, if the Settled Matters were further litigated, the Settling Parties may be able to prove that none of the Transfers sought to be recovered from the Settling Parties are avoidable and/or recoverable by the Estate as a result of the Settling Parties' alleged defenses, including but not limited to the ordinary course of

business and/or new value defenses. Therefore, without the Settlements, the Trustee may recover substantially less for the Estate than the Settlement Amounts, particularly after considering the additional costs associated with continuing to litigate these Settled Matters.

20.     Finally, in making the decision to enter into the Settlements, the Trustee has considered, among other factors: (i) the expenses that the Westlake Estate would incur in prosecuting the Settled Matters, (ii) the probability of success in prosecuting the Settled Matters in light of the Settling Parties asserted defenses, (iii) the uncertainty of success in collecting on any judgments obtained against the Settling Parties, (iv) the need and benefit of resolving litigation in an expeditious manner, such as in the present Settled Matters in which substantial Settlement Amounts have already been paid to the Trustee subject to the Bankruptcy Court's approval of this Motion, (v) the fact that the Settlement Amounts provided for in the Settlements represent significant recoveries for the Estate, and (vi) that an adverse decision in one proceeding could impair the value to remaining actions in light of the similarity of the facts and issues in dispute.

21.     Based on the foregoing, the Trustee respectfully submits that all of the foregoing factors reflect that the Settlements are fair and equitable settlements, which meet or exceed the required range of reasonableness and should be approved by the Court as being in the best interests of the Westlake Estate and its creditors.

## V.     <u>NOTICE</u>

22.     Notice of this Motion has been given to: (a) to those parties requesting notice in these Cases, (b) the United States Trustee, and (c) the Settling Parties and/or their counsel, if known (the "<u>Service Parties</u>"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given. The Trustee has provided at least twenty-one (21) days' notice of this motion. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## VI.    **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) approving the Settlements identified on **AMENDED Exhibit A** (ii) approving reduced notice of the amendment to this Trustee's Fifth Omnibus Motion for Approval as delineated herein and pursuant to the attached Amended Exhibit A, (iii) authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlements, (iv) providing that the Court retain jurisdiction to enforce the Settlements, and (v) granting such other and further relief as is just and appropriate..

Respectfully submitted,

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Pipeline – Westlake Hospital, LLC

Dated: February 10, 2022                          By:   /s/ Thomas E. Springer

One of his attorneys

Thomas E. Springer
Joshua D. Greene
Michele M. Springer
SPRINGER LARSEN GREENE, LLC
Wheaton Office Center
300 South County Farm Road, Suite G
Wheaton, IL 60187
(630) 510-0000