UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>WESTLAKE PROPERTY HOLDINGS, LLC, et al.,<br><br>Debtor(s) | Case Number: 19-22878<br>(Jointly Administered)<br>Chapter: 7<br>Honorable Deborah L. Thorne |

## ORDER CERTIFYING WAGE ACT SETTLEMENT CLASS AND PRELIMINARILY APPROVING WAGE ACT SETTLEMENT

Upon consideration of the motion and exhibits thereto (the "Motion" and capitalized terms having the meanings ascribed to them in the Motion) of Ira Bodenstein, the chapter 7 Trustee (the "Trustee") for the bankruptcy estate Pipeline-Westlake Hospital, LLC (the "Westlake Estate") and Anna Marie Falcone ("Class Representative") for the entry of an order (i) certifying a class of all individuals that were employed by the Pipeline-Westlake Hospital, LLC (the "Debtor") that did not receive compensation for accrued paid time off or vacation time ("PTO") at the time of their termination on August 16, 2019 or thereafter (the "Class") and (ii) preliminarily approving their proposed compromise and settlement reflected in the Wage Act Settlement and Release Agreement (the "Settlement Agreement" or "Settlement"); the preliminary relief requested in the Motion appearing to be in the best interests of the Westlake Estate and its creditors; sufficient notice of the Motion and opportunity for a hearing having been given; and upon due deliberation, it is ORDERED that:

1. The Motion is granted as set forth herein.

2. Notice of the Motion as provided in the Motion, is adequate, sufficient and satisfies the required notice to be provided of the Motion.

3. Pursuant to Fed. R. Bankr. P. 9014, Fed. R. Civ. P. 23 (as made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7023 ) applies to the Class Representative's Class Claim for alleged violations of the Illinois Wage Payment and Collections Act, ILCS 820 ILCS 115/5. Applying Fed. R. Bankr. P. 7023 to the Class Representative's Claim will not adversely affect nor delay the administration of the Westlake Estate. To the contrary, it will efficiently allow the Class's claims to be resolved and for the Trustee to effectuate the orderly windup of the Westlake Estate.

4. The Class meets all requirements of Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23(a) and 23(b)(3). The Class is sufficiently numerous, containing approximately 238 members. There are significant questions of fact and law that are common to the Class and predominate over any individualized issues. The Class Representative's claims are typical of all other Class Members' claims. The Class Representative and her counsel, Ari J. Scharg and Michael W. Ovca of Edelson PC, will fairly and adequately protect the Class's interests. The class mechanism is ideal to resolve the Class's claims. And the Class, which is objectively defined, is ascertainable.

5. Pursuant to Fed. R. Civ. P. 23(g), Ari J. Scharg and Michael W. Ovca of Edelson PC are named as Class Counsel to represent the Class. Claimant Anna Marie Falcone is appointed as Class Representative.

6. The Settlement as reflected in the Settlement Agreement attached to the Motion as Exhibit A, and incorporated herein by reference, is preliminarily approved pursuant to Fed. R. Civ. P. 23(e)(2). The Court finds that the Settlement is fair, reasonable, adequate, and within the range of possible approval. The Court further finds that it substantially fulfills the purposes and objectives of the class action mechanism, and provides substantial relief to the Class without the risks, burdens, and expense of continued litigation. The Court also finds that the Settlement (a) is the result of arm's-length negotiations between experienced counsel; (b) is sufficient to warrant notice of the Settlement and the Final Fairness Hearing to be disseminated to the Class; (c) meets all applicable requirements of law, including Fed. R. Civ. P. 23, and (d) is not a finding or admission of liability by the Trustee, Westlake or the Westlake Estate.

7. KCC, LLC is appointed to act as Settlement Administrator. The Court approves, as to form, content, and distribution, the form of the Class Notice and manner of service as set forth in the Settlement and Exhibit 4 thereto, and finds that such Class Notice is the best notice practicable under the circumstances, and meets the requirements of due process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of Class of the pendency of the bankruptcy case, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Class. The parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. The Class Notice shall be sent to the Class by March 3, 2022.

8. Any members of the Class who wish to exclude themselves from the Class must submit their request for exclusion in writing to the Settlement Administrator on or before the Objection/Exclusion Deadline of April 7, 2022. Any members of the Class so excluded shall neither be bound by the terms of the Settlement nor entitled to any of its benefits.

9. Any Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement, or to a judgment resolving the Class's claim with prejudice in accordance with the terms of the Settlement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representative as set forth in the Notice and Settlement. To object, Class members must file a written objection with the Court on or before the Objection/Exclusion Deadline of April 7, 2022. The objection must include the objecting Class Member's name, address, telephone number, and a specific description of the relief they seek and the reasons for that relief. Class Members who fail to file and serve timely written objections in compliance with the requirements above and the Settlement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

10. The Final Fairness Hearing shall be held before this Court on May 5, 2022, at 10:00 a.m. to determine (a) whether the proposed Settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Settlement should be approved pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 9019; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to Class members or other parties in interest.

11. Class Counsel shall file papers in support of their fee award and the Class Representative's incentive award (collectively, the "Fee Petition") with the Court on or before March 24, 2022.

      12. The Class Representative shall file her papers in support of final approval of the Settlement and in response to any objections, with the Court on or before April 21, 2022.

      13. The Trustee is authorized to take any and all actions as may be necessary or appropriate to implement the terms and provisions of the Settlement.

      14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement of the Settlement and this Order.  If the Settlement fails to become effective, is overturned on appeal, or does not become final for any reason, the parties shall be restored to their respective positions in this bankruptcy case as of the date of the signing of the Settlement.

      Enter:

*[Signature: Deborah L. Thorne]*

Dated: February 24, 2022        United States Bankruptcy Judge

**Prepared by:**
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
P:  (312) 382-3100
aguon@cozen.com